The Honorable Tim Hutchinson State Representative Box 933 Bentonville, Arkansas 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion on the following questions:
 1. Are the billing statements and records of patients receiving abortions at the University of Arkansas for Medical Sciences subject to public disclosure under the Freedom of Information Act of 1967? If the answer is "no," would the statements and records be subject to disclosure under the Freedom of Information Act if names and patient information were deleted?
 2. Are the records of money owed and unpaid (accounts receivable) on abortions performed at the University of Arkansas for Medical Sciences subject to public disclosure under the Freedom of Information Act of 1967?
Your questions address three different kinds of "records," 1) "records of patients," 2) "billing statements," and 3) "accounts receivable." Although it is difficult to make a conclusive determination with regard to these records without actually seeing what form they take, we will nonetheless answer your questions in a general fashion.
It is my opinion that the "records" of patients at the University of Arkansas for Medical Sciences ("UAMS"), as this broad term is used in your first question, are generally exempt from disclosure under the Arkansas Freedom of Information Act ("FOIA"),[1]
codified at A.C.A. § 25-19-101 et seq., because they are most likely "medical records." See A.C.A. § 25-19-105(b)(2) (Adv. Code Serv. 1990-1991). These records are not subject to disclosure even if the names and identifying factors are deleted, as such an action does not change their character as "medical records." "Medical records," in my opinion, are absolutely exempt under the Arkansas FOIA.
The disclosability of "billing statements" is a separate question. It is arguable whether these types of statements are "medical records." This office has stated previously that "medical records" are records which have a relationship to the treatment or diagnosis of any medical condition. See Opinion No. 89-147, a copy of which is enclosed. See also, PlainDealer Publishing v. Dept. of Labor, 471 F.Supp. 1023 (D.D.C. 1979), (holding that documents pertaining to an individual's medical condition or to medical treatment are "medical files" under the federal FOIA). It is conceivable, although we cannot ascertain from the information provided, that the "billing statements" for abortions at UAMS simply contain the name of the recipient of the medical services, and an amount due and owing to UAMS. If this is the case, then in my opinion the records would not be exempt as medical records because the record would not pertain to the diagnosis or treatment of a medical condition. It would simply be a bill for medical services provided by a public hospital. Although such a record would be disclosable under the Arkansas FOIA, constitutional privacy concerns would clearly prohibit the disclosure of the names or any other identifying factors, especially where the only records sought or released are abortion records. See generally, McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989).
It could be argued, on the other hand, that if the "billing statements" take the form that many other medical billing statements take, that is, those which have many columns of listed medical services with the particular services provided that patient checked off, or which indicate or reference the treatment provided on the billing statement, these factors place the records in the category of "medical records." It is my opinion, however, that even these types of "billing statements" issued by a public hospital are not "medical records" but are financial or "business" records of the hospital which may also contain medical information. As such, the records would be disclosable under the Arkansas FOIA, with the names and other identifying factors deleted to comport with constitutional privacy concerns. Id.
This conclusion is in accordance with the holding that exemptions to the FOIA are to be narrowly construed, and when the scope of a particular exemption is unclear, it will be interpreted in a manner favoring disclosure. Legislative Joint Auditing Committeev. Woosley, 291 Ark. 89, 722 S.W.2d 581 (1987), citingRagland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23 (1986). Thus, if it is unclear whether the legislature intended "billing statements" of public hospitals to be included in the definition of "medical records," they will not be so construed.
The third type of records to which your question pertains is that category of records of money owed and unpaid (accounts receivable) on abortions performed at UAMS. It is my opinion that if records are maintained in this form by UAMS, they are subject to public disclosure, as no exemption would appear to cover them.[2] Of course, a public agency is not required to create or acquire records in response to an FOI request. All that is required is that the agency make available the records in its possession and it is not obligated to create a new record by compiling or collecting information in the particular format requested by the person seeking access. See Watkins, TheArkansas Freedom of Information Act (mm Press 1988) at 55,citing Blaylock v. Staley, 293 Ark. 26, 732 S.W.2d 152
(1987). See also Opinion No. 87-211.
We do not have sufficient information to determine whether UAMS has a separate listing of all moneys owed and unpaid or an "accounts receivable" of abortions performed at UAMS. If they do, the record is subject to public disclosure. If, however, this information is evidenced only by "billing statements" or other patient information, the principles outlined earlier in this opinion will apply. Under no circumstances, however, are individual names or personal identifiers of patients receiving abortions at UAMS to be disclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We have found no other provision of Arkansas law which specifically governs the disclosability or confidentiality of these records. See however, generally, A.C.A. §§ 20-9-304,20-16-207, 20-77-301 et seq. and 16-46-301 et seq.
[2] The courts of several other states have generally upheld the disclosability, under various state open records laws, of records indicating an expenditure of public funds for abortions.See e.g., Family Life League v. Department of Public Aid,112 Ill. 2d 449, 98 Ill. Dec. 33, 493 N.E.2d 1054 (1986); Statev. Harder, 230 Kan. 573, 641 P.2d 366 (1982); and MinnesotaMedical Association v. State, 274 N.W.2d 84 (Minn. 1978). Seecontra, Short v. Board of Managers of Nassau County MedicalCenter, 57 N.Y.2d 399, 456 N.Y.S.2d 724 (1982). These cases involve the disclosure of medicaid payments to private providers for abortion services. Although your question refers to the collection, by a public hospital, of conceivably private funds as well as the expenditure of state funds for the payment of abortions, the analysis in the above cases is helpful.