The Honorable Michael D. Booker State Representative P.O. Box 45154 Little Rock, AR 72214
Dear Representative Booker:
This is in response to your request for an opinion on the following question:
 Whether the names, addresses or phone numbers of Arkansas Department of Correction employees are accessible under the Arkansas Freedom of Information Act?
It is my opinion that the answer to this question will generally depend upon the particular record(s) in question, and the individual circumstances of the employee/subject of the record(s). There is no generally applicable privacy exemption under the Arkansas Freedom of Information Act ("FOIA") (A.C.A. §§ 25-19-101 to -107) (Repl. 1992 and Supp. 1993)[1] Except as otherwise specifically provided, all public records are subject to public inspection and copying under the FOIA. A.C.A. § 25-19-105(a) (Supp. 1993). "Personnel records" are exempt "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10) (Supp. 1993).
Thus, unless the record(s) containing the names, addresses or phone numbers constitute "personnel records" or otherwise fall within a specific exemption,[2] the FOIA will require disclosure.[3]
If, in fact, the particular record(s) in question constitute personnel records under the FOIA,[4] the "clearly unwarranted invasion of personal privacy" exemption must be considered. In this regard, as I have noted in numerous previous opinions, courts have found relatively little privacy interest in records revealing names of public employees. See,e.g., Op. Att'y Gen. 95-113, and cases cited therein. Additionally, with the exception of unlisted information, this office has previously opined that there is no general exemption for addresses and telephone numbers.See Ops. Att'y Gen. 94-113, 93-131, 91-351, 90-335, 88-051.
As noted in Opinion 90-335, however, an exception may lie in the case of certain public employees whose privacy interest is heightened because of the increased possibility of harm or harassment following release of their addresses or phone numbers. Op. Att'y Gen. 90-335, nn. 5 and 6.See also generally Op. Att'y Gen. 93-131, n. 1. As stated in Opinion90-335:
 The existence of distinguishing facts which could skew the balancing test should, however, be considered. If there is something inherent in the information disclosed which could heighten the employee's privacy interest, that fact is to be considered. For example, a heightened privacy interest may attend the disclosure of a list of the names and addresses of prison guards or other individuals involved in the criminal justice system. This interest is heightened by the increased possibility of harm or retaliation toward these employees by, for example, former inmates or defendants.
Id. at n. 6.
The "balancing test" referenced above is the test employed by the Arkansas Supreme Court in Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992), in determining whether disclosure of particular information in personnel records would constitute a "clearly unwarranted invasion of personal privacy" under the FOIA. The court in Young relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. 308 Ark. at 598. If a substantial privacy interest exists, that interest is weighed against the public's interest in disclosure. If the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.Id. If the privacy interest is de minimus, the information is disclosable and that is the end of the analysis. Op. Att'y Gen. 93-131 and 90-335.
With regard, specifically, to Arkansas Department of Correction employees, while I have not been provided with any information concerning the position(s) in question, it seems likely that some individuals will have a heightened privacy interest. This is probably most evident in the case of prison guards, as noted above; but it may also be true of other employees. As to those employees who could reasonably be subject to harm or harassment as a consequence of releasing their names, addresses, or phone numbers, a substantial privacy interest will exist. In that case, it is my opinion that the balance would likely tip in favor of nondisclosure, at least with respect to addresses and phone numbers.[5]
This conclusion follows from the moderate, but less than significant public interest in disclosure of this information. See Op. Att'y Gen.90-335.[6]
In conclusion, therefore, your question cannot be answered with a simple "yes" or "no," but rather will require review of the particular record(s) and consideration of the individual employee(s). Individual circumstances may, in my opinion, be disregarded where it can reasonably be determined based upon the category of employee, such as prison guard, that the privacy interest will characteristically outweigh the public interest. Deleting addresses and phone numbers from the personnel records of such employees is probably warranted. Because disclosure will be favored in close cases, however (see generally Ragland v. Yeargan, 288 Ark. 81,702 S.W.2d 23 (1986)), I must caution against broadly defining any such category.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] A former privacy exemption under the FOIA (see Act 608 of 1981) was deleted in 1985. Acts 1985, No. 468, § 1.
[2] The FOIA specifically exempts, inter alia, state income tax records, medical records, scholastic records, and adoption records. A.C.A. § 25-19-105(b)(1) and (2) (Supp. 1993).
[3] A separate question may arise, requiring a case-by-case determination, regarding the existence of a constitutional "right to privacy" in connection with the release of the record(s). See generallyMcCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The uncertainty of the scope of this privacy right (see J. Watkins, TheArkansas Freedom of Information Act 308 (2d ed. 1994)) precludes any categorical determination in this regard.
[4] I have previously opined that a separate listing of names and addresses of state employees would probably constitute a "personnel record." Op. Att'y Gen. 90-335. It should be recognized, however, that a public agency is not obligated to create a new record by compiling or collecting information. See Op. Att'y Gen. 90-234.
[5] I cannot conclude, as a general matter, that this will also be the case with respect to the employees' names. As I have previously stated, it is my opinion that there is a significant public interest in the disclosure of the names of public employees. See Op. Att'y Gen. 90-335. And in accordance with Young v. Rice, supra, disclosure will usually be favored when the public's interest is substantial. 308 Ark. at 598. Thus, without more, I cannot categorically opine that the release of names would result in a clearly unwarranted invasion of Department of Correction employees' privacy.
[6] In considering a federal FOIA request for the home addresses of various federal agency employees, the U.S. Supreme Court in Department ofDefense v. FLRA, 510 U.S. ___, 114 S.Ct. 1006 (1994), characterized the public interest in disclosure of the home addresses as "negligible."114 S.Ct. at 1013. It is unclear, however, whether the Arkansas courts will adopt the approach reflected in Department of Defense, an approach based upon principles set forth in Dept. of Justice v. Reporters Committee forFreedom of Press, 489 U.S. 749 (1989). See The Arkansas Freedom ofInformation Act 129, supra, n. 3.