The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 7220-1094
Dear Ms. Priest:
This is in response to your request for an opinion concerning the confidentiality of franchise tax records (see the Arkansas Corporate Franchise Tax Act of 1979, codified at A.C.A. §§ 26-54-101 through -113 (Repl. 1997)). You note that it was opined in Attorney General Opinion88-322 that franchise tax records are confidential pursuant to A.C.A. §26-18-303, which is part of the Arkansas Tax Procedure Act (A.C.A. §26-18-101 et seq. (Repl. 1997)). That opinion addressed the specific question of the confidentiality of "corporate franchise tax reports[,]" and concluded that the privileged status of such records transferred as well when the corporate franchise tax records were transferred to the Secretary of State. Op. Att'y Gen. 88-322, citing Act 1030 of 1987[1]
and Op. Att'y Gen. 87-210.[2]
Your question pertains specifically to the franchise tax report form (A.C.A. § 26-54-105), which you note contains additional information on a corporation besides tax calculations. You have asked whether the additional information such as officers of the corporation can be made public.
It is my opinion that all information required by the Secretary of State to be included on the franchise tax report is confidential and not subject to disclosure, in accordance with A.C.A. § 26-18-303 wherein it provides:
 (a)(1) The director is the official custodian of all records and files required by any state tax law to be filed with the director and is required to take all steps necessary to maintain their confidentiality.
 (2)(A) Except as otherwise provided by this chapter, the records and files of the director concerning the administration of any state tax law are confidential and privileged. These records and files and any information obtained from these records or files or from any examination or inspection of the premises or property of any taxpayer shall not be divulged or disclosed by the director or any other person who may have obtained these records and files.
 (B) It is the specific intent of this chapter that all tax returns, audit reports, and information pertaining to any tax returns, whether filed by individuals, corporations, partnerships, or fiduciaries, shall not be subject to the provisions of § 25-19-101 et. seq. [the Arkansas Freedom of Information Act].
* * *
 (c) The provisions of this section shall be strictly interpreted and shall not permit any other disclosure of tax information concerning a taxpayer, whether the taxpayer is an individual, a corporation, a partnership, or a fiduciary, that is contained in the records and files of the Director of the Department of Finance and Administration relating to income tax or any other state tax administered under this chapter.
A.C.A. § 26-18-303(a) and (c) (Repl. 1997).
It is clear that these provisions in the Tax Procedure Act specifically lift corporate tax return information from the disclosure requirements of the Arkansas Freedom of Information Act. Accord Ragland v. Yeargan,288 Ark. 81, 702 S.W.2d 23 (1986) (decided prior to a 1987 amendment, when confidentiality was limited to individual tax returns); see also Snyderv. Martin, 305 Ark. 128, 806 S.W.2d 358 (1991). It also seems clear, as was concluded in Opinion 88-322, that pursuant to Act 1030 of 1987 (see n. 1, supra), these confidentiality provisions in the Tax Procedure Act extend to corporate franchise tax records and documents that are required to be filed with the Secretary of State under A.C.A. § 26-54-105. The definition of "return" in the Tax Procedure Act includes "any tax or information return [or] report . . . required by . . . the provisions of any state tax law. . . ." A.C.A. § 26-18-104(1) (Repl. 1997).
Regarding the franchise tax report required under A.C.A. § 26-54-105, this section provides in relevant part:
 Each corporation subject to the requirements of this chapter shall file a franchise tax report with the Secretary of State which shows its condition and status as of the close of business on December 31, last preceding, and other information required by the Secretary of State.
A.C.A. § 26-54-105(c)(1) (Repl. 1997) (emphasis added).
It may reasonably be concluded, in my opinion, that this "other information" is encompassed within the confidentiality provisions noted above, and specifically the exemption for "information pertaining to any tax returns[.]" A.C.A. § 26-18-303(a)(2)(B), supra. Limiting the exemption to the tax calculations would, in my opinion, be contrary to the intent expressed under this exemption.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Section 6 of Act 1030 of 1987 provided:
 Recognizing that Act 19 of 1987 transfers from the Revenue Commissioner to the Secretary of State the duty of collecting corporate franchise taxes, the Revenue Commissioner is hereby authorized to transfer to the Secretary of State such records and documents as are required by the Secretary of State for the implementation of Act 19 of 1987. Any such documents and records that are confidential under present law shall retain their confidentiality upon transfer to the Secretary of State.
[2] It was opined in Attorney General Opinion 87-210 that the records of the Commissioner of Revenue [Director of the Department of Finance and Administration] were confidential under A.C.A. § 26-18-303 at the time of the transfer (see n. 1, supra) to the Secretary of State.