The Honorable Larry Cook, Prosecuting Attorney 17th West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Cook:
This official Attorney General opinion is rendered in response to questions you have raised concerning the confidentiality of certain information about juveniles. Your questions are as follows:
 (1) If a juvenile has not been arrested, but is the subject of an investigation, are these records subject to disclosure pursuant to the Arkansas Freedom of Information Act, or can they be withheld under the exemption for active investigations? Would these records be subject to A.C.A. § 9-27-352 if the juvenile had not been arrested but was only the subject of investigation?
 (2) If a prosecuting attorney's office has filed a petition with the juvenile court stating that the juvenile has committed a crime, but the juvenile is never arrested or detained, is this information subject to release? Would this be considered a proceeding under the subchapter and, thus, remain confidential?
 (3) If a law enforcement agency conducts an investigation of a juvenile, but does not find sufficient evidence to file a petition with the juvenile court or to arrest the juvenile, is this information subject to release under the Arkansas Freedom of Information Act?
RESPONSE
Question 1 — If a juvenile has not been arrested but is the subject of aninvestigation, are these records subject to disclosure pursuant to theArkansas Freedom of Information Act, or can they be withheld pursuant tothe exemption for active investigations? Would these records be subjectto A.C.A. § 9-27-352 if the juvenile had not been arrested but was onlythe subject of investigation?
It is my opinion, as explained more fully below, that if a juvenile has not been arrested but is the subject of an undisclosed criminal investigation by a law enforcement agency, the records generated in the course of that investigation can be withheld from disclosure under the authority of the exemption stated in the Freedom of Information Act (FOIA) for on-going investigations, see A.C.A. § 25-19-105(b)(6), provided that the investigation has not yet been completed. However, it is my opinion, as also explained more fully below, that these records cannot be withheld from disclosure under the authority of the provisions of A.C.A. § 9-27-352 if a petition concerning the matter has not been filed with the court.
The Investigation Exemption Under the FOIA
Although it is clear that law enforcement investigative files are "public records" within the meaning of the FOIA, see A.C.A. § 25-19-103(1);Martin v. Musteen, 303 Ark. 656, 799 S.W.2d 540 (1990), such files can be subject to the following exemption from disclosure, stated in the FOIA:
25-19-105. Examination and copying of public records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity;
A.C.A. § 25-19-105(b)(6).
The Arkansas Supreme Court has interpreted the term "undisclosed investigations by law enforcement agencies" to encompass investigations which are "ongoing," see Johninson v. Stodola, 316 Ark. 423,872 S.W.2d 374 (1994); Martin v. Musteen, supra, as opposed to those which have been "completed," such as the investigation that was at issue inMcCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). In Martin v. Musteen,supra, the court explicitly recognized the protectability of records of police investigations that are "continuing and sensitive" in nature.Id. at 660.
The question of whether a particular investigation is "ongoing" is a question of fact that must be decided on a case-by-case basis. Op. Att'y Gen. No. 93-156. This determination may entail an in camera review by the court deciding the case. See Johninson v. Stodola, supra. If it is factually determined that the investigation of the juvenile about which you have inquired is "ongoing," the records of that investigation can be withheld from disclosure under the authority of the above-quoted investigation exemption.
The Provisions of A.C.A. § 9-27-352
As indicated previously, it is my opinion that these records cannot be withheld from disclosure under the authority of A.C.A. § 9-27-352 if a petition concerning the matter has not been filed with the court. That statute states:
9-27-352. Confidentiality of records.
 (a) Records of the arrest of a juvenile, the detention of a juvenile, and of proceedings under this subchapter shall be confidential and shall not be subject to disclosure under the Arkansas Freedom of Information
Act, 25-19-101 et seq., unless:
(1) Authorized by a written order of the juvenile court; or
 (2) The arrest or the proceedings under this subchapter result in the juvenile being formally charged in circuit court for a felony.
 (b) This section shall be supplemental to all other provisions of this subchapter.
A.C.A. § 9-27-352.
I must note as an initial matter that the phrase "proceedings under this subchapter," as used in A.C.A. § 9-27-352, is not defined in the statute, nor has it been construed in a published opinion by the Arkansas courts. However, the Arkansas Supreme Court, in Troutt Bros. v. Emison,311 Ark. 27, 841 S.W.2d 604 (1992), did interpret the same phrase, as used in A.C.A. § 9-27-348, which prohibits the publication of the name of any juvenile who is the subject of "proceedings under this subchapter." In Troutt Bros., the court considered a situation in which certain juveniles had been arrested, but no petition concerning their cases had been filed with the juvenile court. It was argued that A.C.A. § 9-27-348
prohibited their names from being released. The court held that because a petition had not been filed with the court, the juveniles were not subjects of a proceeding under the subchapter. The confidentiality requirement therefore did not apply to them, and their names could be released.
The Troutt court based its interpretation of the phrase "proceedings under this subchapter," on an earlier provision in the subchapter which states that "proceedings" are initiated by the filing of a petition with the court. More specifically, A.C.A. § 9-27-310 states: "Proceedings shall be commenced by filing a petition with the clerk of the chancery court or by transfer to another court." The court concluded that if a petition has not been filed, the juvenile is not the subject of a proceeding under the subchapter, and is therefore not protected by the confidentiality requirement of A.C.A. § 9-27-352.
On the basis of the reasoning in Troutt decision, I must conclude that if a juvenile is the subject of an investigation, but has not been arrested or detained, and no petition concerning the matter has been filed with the court, the juvenile is not the subject of proceedings under the subchapter, and the provisions of A.C.A. § 9-27-352 do not apply. Accordingly, the records generated in the investigation must be disclosed under the FOIA.
I must point out another significant aspect of the Troutt decision: the court's emphatic holding that exceptions to the FOIA must be explicit, and that the task of creating such exceptions is one for the legislature. Id. at 30. Concerning this point, the Troutt court acknowledged the fact that its holding could have the effect of contradicting the policy purpose of shielding juvenile offenders, but pointed out that the problem must be corrected by the legislature rather than by the judiciary. Id.[1]
I must now make the same observation. I realize that an application of the conclusions I have reached in this opinion could be that juveniles about whom there is insufficient evidence of wrongdoing to justify an arrest might receive less protection than juveniles who are actually adjudicated to be delinquent. While such a result appears to be contrary to the intent of A.C.A. § 9-27-352, this contradiction is one that must be corrected by the General Assembly. Pending a legislative correction, I am constrained to follow the Arkansas Supreme Court's directive that "when the legislature `is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know."Troutt, 311 Ark. at 30, citing Ragland v. Yeargan, 288 Ark. 81, 86,702 S.W.2d 23, 25 (1986).
Question 2 — If a prosecuting attorney's office has filed a petition withthe juvenile court stating that the juvenile has committed a crime, butthe juvenile is never arrested or detained, is this information subjectto release? Would this be considered a proceeding under the subchapterand, thus, remain confidential?
It is my opinion that if a prosecuting attorney's office has filed a petition with the juvenile court stating that a juvenile has committed a crime, but the juvenile is never arrested or detained, all records related to that petition should be withheld from disclosure under the authority of A.C.A. § 9-27-352.
This situation is one that, in my opinion, clearly constitutes a "proceeding" within the meaning of A.C.A. § 9-27-352. This is so because a petition has been filed with the court. As indicated in response to Question 1, the provisions of A.C.A. § 9-27-310 indicate that "proceedings" under the subchapter are initiated by the filing of a petition. This provision indicates unequivocally that once a petition has been filed, a "proceeding" has been initiated. Accordingly, if a petition has been filed, the records of that proceeding are subject to the confidentiality requirement of A.C.A. § 9-27-352 and must be withheld from disclosure, even if the juvenile in question has not been arrested or detained.
Question 3 — If a law enforcement agency conducts an investigation of ajuvenile, but does not find sufficient evidence to file a petition withthe juvenile court or to arrest the juvenile, is this information subjectto release under the Arkansas Freedom of Information Act?
As discussed more fully in response to Question 1, it is my opinion that if a law enforcement agency conducts an investigation of a juvenile, but does not find sufficient evidence to file a petition with the juvenile court or to arrest the juvenile, the records generated in the course of that investigation can be withheld under the authority of the investigation exemption stated in A.C.A. § 25-19-105(b)(6), if the investigation is "ongoing." However, as also discussed in response to Question 1, these records cannot be withheld from disclosure under the authority of A.C.A. § 9-27-352. See response to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In response to the Troutt decision, the General Assembly enacted A.C.A. § 9-27-352, which created a confidentiality requirement in situations where the juvenile has been arrested or detained (as well as for situations in which the juvenile is the subject of proceedings under the subchapter).