Ms. Robin Mero The Morning News P.O. Box 7 Springdale, AR 72765-0007
Dear Ms. Mero:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that you requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101et seq.).
You state that you presented a request under the FOIA to the Siloam Springs Memorial Hospital (which you indicate is owned and operated by the city of Siloam Springs) for the resignation letters of two former employees of the hospital. You further indicate that the hospital declined to provide the letters, claiming that the release of the letters would constitute an "unwarranted invasion of privacy."
I am directed by law to issue my opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). Because I do not have access to the two resignation letters, I cannot opine definitively as to whether the custodian's determination is correct. However, I will provide you with a discussion of the applicable law concerning the release of such records.[1]
This office has previously opined that letters of resignation generally constitute "personnel records," within the meaning of the FOIA.[2]See, e.g., Ops. Att'y Gen. Nos. 98-122; 95-162; 88-147. Although the FOIA does not define the term "personnel records," this office, relying on Watkins, The Arkansas Freedom of Information Act (3rd Ed. 1998) at 134, has consistently opined that "personnel records" are all records other than "employee evaluation/job performance records" that pertain to individual employees, former employees, and successful job applicants.See, e.g., Ops. Att'y Gen. Nos. 2001-217; 2001-055; 2000-130. The standard for the release of "personnel records" under the FOIA is set forth in A.C.A. § 25-19-105(b)(12). That section of the FOIA provides that personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they refer. Id.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id.
The office has consistently taken the position that unless a letter of resignation contains statements that are of a personal nature, the release of the letter will not constitute a clearly unwarranted invasion of personal privacy, so as to be exempt from disclosure. See Ops. Att'y Gen. Nos. 97-063; 95-169; 95-162; 89-077. More specifically, this office has opined that a statement detailing the employee's intent to cease employment on a certain date and listing the justifications for taking such action does not implicate the privacy concerns reflected in §25-19-105(b)(12). See Ops. Att'y Gen. Nos. 97-063; 95-169; 95-162; and 89-077. If the resignation letter includes more detailed information of a personal nature, however, it may be exempt from disclosure. See, e.g.,
Op. Att'y Gen. No. 96-088.
Whether the statements made in any particular letter of resignation are sufficiently private in nature to implicate privacy concerns is a determination of fact that must be made on a case-by-case basis. Moreover, this determination must be made in the first instance by the custodian of the records. If you have reason to believe that the custodian's determination regarding this matter is incorrect, your recourse is to the court, pursuant to A.C.A. § 25-19-107. I note in this regard that the Arkansas Supreme Court has consistently held that the FOIA should be interpreted liberally in favor of openness, and that exemptions from disclosure (such as the exemption related to unwarranted invasions of personal privacy) should be construed narrowly. See, e.g.,Orsini v. State, 340 Ark. 665, ___ S.W.3d ___ (2000); Byrne v. Eagle,319 Ark. 587, 892 S.W.2d 487 (1995); Ragland v. Yeargan, 288 Ark. 81,702 S.W.2d 23 (1986); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I note that you have requested that I conduct a review of the records themselves. The Freedom of Information Act, specifically A.C.A. § 25-19-105(c)(3)(B), does not provide for an Attorney General review of records that have not been provided voluntarily.
[2] It should be noted that some records pertaining to employees constitute "employee evaluation/job performance records," rather than "personnel records." The release of such records is governed by a different standard than the release of "personnel records." For the standard that is applicable to employee evaluation/job performance records, see A.C.A. § 25-19-105(c)(1).