The Honorable Mary L. Slinkard State Representative 10422 Virden Lane Gravette, Arkansas 72736-9631
Dear Representative Slinkard:
I am writing in response to your request for an opinion regarding the open meetings requirement contained in the Arkansas Freedom of Information Act (FOIA), which requirement is found at A.C.A. § 25-19-106 (Supp. 2007).
As factual background for your request, you indicate:
 On February 3, 2009, at a regularly scheduled meeting, the Board of Directors of Siloam Springs conducted an executive session. The legality of said session has been called into question.
 After approval of the motion to go into executive session, the Mayor announced that the board would be adjourning into executive session to consider terms of employment of an employee, and would return to publicly vote on any action proposed.
 Upon returning from executive session, a motion was made, seconded[,] and approved in open session to provide a $7,500[] salary bonus to the City Administrator for work performed and time put in. . . . Although no member of the press or public objected to the executive session at any point during the meeting, its legality was subsequently attacked on several grounds[.] *Page 2 
With this background in mind, you ask six questions:
 1. Is an executive session, for the announced purpose of considering terms of employment of an employee, followed by an open vote to award a specified salary bonus to a particularly identified employee, a legal action by a City's governing body?
 2. Is consideration of one specified employee's performance and compensation a "general salary matter" and therefore a prohibited topic for executive session?
 3. Have Attorney General Opinions 87-80 and 77-144 been withdrawn, overruled or superseded? If not, does the Attorney General nonetheless consider action taken in conformity with said Opinions to be illegal?
 4. Does the term "employment" in the Freedom of Information Act include matters related to the state of being employed, consistent with, for instance, Black's Law Dictionary, the Arkansas Supreme Court (in a non-FOIA case): Horn v. Shirley, 246 Ark. 1134, 441 S.W.2d 468 (1969), and [A.C.A.] § 11-10-210 . . ., or is there controlling legal authority establishing the term to mean the act of hiring only?
 5. If discussion of "employment" is not a valid reason for an executive session except for hiring purposes, which of the legislatively authorized reasons for conducting an executive session (employment, appointment, promotion, demotion, disciplining, or resignation) is the appropriate one to invoke in order to consider matters pertaining to the salary of a specific employee? (Assuming Opinions 87-80 and 77-144 remain valid.)
 6. Given that the Act authorizes disclosure of employee evaluation/job performance records only in certain (non-relevant) circumstances, and the Attorney General has previously recognized that such exemption serves the public purpose of "promotion of candor in . . . evaluation of an employee's performance with a view toward correcting any deficiencies," is *Page 3 
the City's governing body nonetheless required to conduct performance evaluations of its appointed City Administrator in public, if there is a possibility that the evaluation could result in a salary adjustment or other change in said employee's compensation?
RESPONSE
In my opinion, the answer to your first question is "no." An executive session may not be called to discuss a one-time bonus under the background facts you have provided, which contemplate a bonus for "work performed and time put in." As for your second question, irrespective of whether a specified salary bonus fits into the category of a "general salary matter," a one-time bonus, in my opinion, ordinarily is not a proper basis for holding an executive session. However, depending on the circumstances, an executive session that is properly called under one of the listed purposes in A.C.A. § 25-19-106(c)(1) could entail a discussion of salary. As for your third question, the answer is "no," neither opinion is invalid and actions taken in conformity with those opinions are legal. You appear to be interpreting those opinions in a way that places them at odds with the FOIA. For the reasons explained below, I do not interpret those opinions as at odds with the FOIA. As for your fourth question, the term "employment" as used in section 25-19-106(c)(1) means "hiring" only, in my opinion. I cannot respond to your fifth question because the answer is highly fact dependant. Depending on the facts of a given situation, discussion of salary may be encompassed within an item mentioned in section 25-19-106(c)(1) such as "employment" (because discussion of salary often accompanies hiring), "promotion" (becausesometimes a promotion entails a pay raise), "demotion" (becausesometimes a demotion entails a pay decrease), or "discipline" (becausesometimes a disciplinary action entails a pay decrease). Whether a specific scenario meets any of those items must be determined on a case-by-case basis. The answer to your sixth question is "no," because it conflates the analysis of the FOIA's open-meetings requirements with the FOIA's open-records requirements.
DISCUSSION
Because your questions heavily overlap, I will address them together. To determine whether the FOIA requires that a given meeting be open to the public, we must assess three elements: whether the entity holding the meeting is subject to the FOIA; whether the meeting itself falls within the scope of the FOIA; and *Page 4 
whether any exceptions permit the meeting to be closed. E.g., Op. Att'y Gen. 2005-269; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 277 (4th ed., m m Press, 2004). After assessing these elements, I conclude that a court would likely hold that discussing a one-time cash bonus for an employee cannot be the sole basis for an executive session under the FOIA.
Given your background facts and the arguments you have offered, the first and second elements appear to be met. As for the first element, the entity in question — the City of Siloam Springs — is clearly a public entity and is therefore subject to the FOIA. A.C.A. § 25-19-103(4). The second element also appears met. The FOIA defines a "meeting" as "all meetings, formal or informal, special or regular, of the governing bodies of all municipalities . . . and all boards, bureaus, commissions, or organizations of the State of Arkansas . . . shall be public meetings." A.C.A. § 25-19-106(a). The situation you posit appears to qualify as a "formal or informal" meeting of the "governing body" (i.e., the Board of Directors) of the City of Siloam Springs.
The principal issue, and the focus of all your questions and arguments, is whether the third element is met. There are four general categories of exemptions that permit a meeting to be closed.[1] Because your request focuses solely on the personnel-matters, I will confine my analysis to that exemption. The FOIA provides for executive sessions "only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." A.C.A. § 25-19-106(c)(1) (emphasis added.) Because the phrase "only for the purpose of" precedes a list of grounds upon which an executive session may be held, that list is exhaustive. In short, if an entity desires to hold an executive session based on the personnel-matters exemption, the entity must be able to point to a specific item in the list that permits the executive session.
Apparently recognizing this, your questions largely focus on how broadly the term "employment" should be interpreted. As question four specifically asks, the issue is whether the term "employment," as used in section 25-19-106(c)(1), should be *Page 5 
narrowly interpreted as "hiring" or broadly interpreted as "conditions of employment." This interpretive issue is central to your overall request because the issue arises in your second, third, fourth, and fifth questions. The primary issue is whether a "salary bonus" for an individual is properly subsumed within the term "employment" such that the deliberations about whether to award the "salary bonus" (or how much to award) may be conducted in executive session. By "salary bonus," I assume in this opinion you mean a one-time cash bonus in addition to annual salary.
Because your question revolves around the most appropriate interpretation of a statute, we must refer to the two principle rules governing construction of the FOIA. First, all the provisions requiring openness must be broadly construed. Laman v. McCord, 245 Ark. 401,432 S.W.2d 753 (1968); e.g., Op. Att'y Gen. 2003-170; Watkins Peltz,supra, at 5-9. The court in Laman explained why the FOIA's provisions requiring openness must be broadly construed:
 Whether a statute should be construed narrowly or broadly depends upon the interests with which the statute deals. As a rule, statutes enacted for the public benefit are to be interpreted most favorably to the public. In the act now before us the General Assembly clearly declared the State's public policy: `It is vital in a democratic society that public business be performed in an open and public manner.' We have no hesitation in asserting our conviction that the Freedom of Information Act was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved.
Laman, 245 Ark. at 404-05, 432 S.W.2d at 755 (internal citations omitted).
The second general principle is that all exemptions from disclosure are narrowly construed. E.g. Ragland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23
(1986); e.g., Op. Att'y Gen. 90-001; Watkins Peltz, supra, at 8-9. The court in Ragland explained why the exemptions are narrowly construed:
 We conclude that the objectives of the FOIA are such that whenever the legislature fails to specify that any records in the public domain are to be excluded from inspection, or is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know the status of its own affairs. We hold, *Page 6 
therefore, that the burden of confidentiality rests on the legislation itself, and if the intention is doubtful, openness is the result.
Ragland, 288 Ark. at 85-86, 702 S.W.2d at 25.
Applying these two general principles to your questions indicates that, in my opinion, a court would narrowly interpret the term "employment" — in the context of 25-19-106(c)(1) — such that it means "hiring" only. When an exemption in the FOIA may be plausibly interpreted in two ways, the interpretive guidelines noted above require us to adopt the more narrow approach. The more narrow sense of the term "employment" as used in the FOIA is "hiring" only.
With this discussion in mind, I can directly respond to your questions. Given the analysis of the appropriate interpretation of the term "employment," the response to your first question should be clear: discussing whether an employee receives a bonus in addition to salary is likely not encompassed within the term "employment" for purposes of executive sessions under the FOIA. As for your second question regarding whether discussion of bonuses is a "general salary matter," it is my opinion that irrespective of whether the "salary bonus" fits into the category of a "general salary matter," a one-time bonus ordinarily is not a proper basis for holding an executive session.
Your third question asks about the continuing validity of Attorney General Opinions 87-80 and 77-144. In my opinion, both opinions are still valid and neither opinion opined about the issues you present in this request. Opinion 77-144 does not opine that an individual's salary — by itself — is properly the subject of an executive session. Instead, the opinion states that an individual's salary would be a proper subject of an executive session if the salary matter could properly be classified as one of the terms in the list contained in section 25-19-106(c)(1): "Questions relating to the salary of a particular public officer or employee would be a proper subject of a discussion in an executive session so long as the salary question is related to the employment, appointment, promotion, demotion, disciplining, or resignation of the public officer or employee." (Emphasis added.) This simply re-states the statutory rule. Thus, Opinion No. 77-144 is not contrary to the FOIA.
Opinion No. 87-80 dealt with whether a governing body could discuss personnel policies that related to groups of employees in an executive session: "At issue is whether . . . policies relating to the permissible personnel matters are also proper *Page 7 
justification for executive sessions." The opinion concluded that a governing body could only go into executive session to consider a personnel matter regarding a specific individual, not an entire group. Thus, the issue and conclusion were about the number of employees who may be considered during an executive session, namely one.
The only portion of Op. 87-80 that cites or relies on Op. 77-144 is the following: "Additionally, this Office has previously opined that an executive session may deal with a specific salary issue, involving a specific individual, but not broad salary issues (see, Opinion No. 77-144)." Your question indicates you believe this sentence is somehow contrary to the FOIA because it permits an executive session to be called to discuss an individual's salary.
Opinion 87-80's context does not allow such an interpretation. The opinion's context makes clear that the sentence is not contrary to the FOIA. In context, the issue faced in Op. 87-80 was whether an executive session may be called to discuss matters relating to a group of employees, as opposed to a single individual. The sentence quoted above juxtaposes the discussion of "a specific salary issue, involving a specific individual" on the one hand, with the discussion of "broad salary issues" on the other hand. While each of these phrases may be ambiguous in the abstract, when considered in context, the phrases contemplate discussions of a specific person's salary versus discussions of salary policies. The opinion indicates that the latter is impermissible in executive session, because an executive session called under the personnel-matters exemption must be about a single individual, not a group of individuals or a set of policies. Thus, the phrase "a specific salary issue, involving a specific individual" refers to the uncontroversial proposition that any executive session must relate to a specific person. As discussed below in footnote two, depending on the facts of a given situation, a discussion of salary may properly arise in an executive session. But the discussion of salary cannot be the sole reason the executive session was called.
Your fourth question offers some potential legal authority to establish the definition of the term "employment," as used in section25-19-106(c)(1). You propose that "employment" means "matters related to the state of being employed" and you ask whether "there is some controlling legal authority establishing the term to mean the act of hiring only." You offer three potential bases to support the proposition that "employment" means "matters related to the state of being employed." First, you allude to Black's Law Dictionary as supporting such a definition, though you do not cite the edition or page number. *Page 8 
In fact, Black's Law Dictionary offers definitions that support both a broad and a narrow reading of the term "employment": [1] The relationship between master and servant. [2] The act of employing. [3] The state of being employed. [4] Work for which one has been hired and is being paid by an employer. Black's Law Dictionary 566 (Bryan A. Garner ed., 8th ed., West 2004). Definitions (1) and arguably (2) and (3) support a broad reading of the term "employment." Definition (4) supports a narrow reading as hiring only. As indicated above, this ambiguity should be resolved in favor of openness, which requires us to accept the more narrow reading of "employment" as hiring only.
Your second and third potential bases to support a broad interpretation are an Arkansas Supreme case and an Arkansas statute, respectively. Neither the case nor the statute deals with the FOIA. Thus, neither applies because special rules govern the interpretation of FOIA provisions that do not always apply in other contexts. As two of the leading commentators on the FOIA explain, a special set of rules govern the interpretation of the FOIA:
 A traditional rule of statutory construction holds that statutes overturning or limiting principles established as common law . . . must be narrowly interpreted. Under a similar doctrine, penal statutes are to be strictly interpreted since they impose criminal penalties or other harsh sanctions. The FOIA arguably fell under both rules: the common law allowed only limited access to records and none to meetings, the FOIA contains a provision making violation of the act a misdemeanor. In its first opinion interpreting the FOIA, however, the Arkansas Supreme Court ruled that the act was passed for the public benefit and must there be liberally construed.
Watkins Peltz, supra, at 6 (citing Laman v. McCord, supra.) Later in the same case, Watkins and Peltz note that the Laman court made clear that all exemptions under the FOIA must be narrowly interpreted.Id. at 8. These special interpretive-rules take precedence over other general, non-FOIA statutes and cases. It is that special interpretive framework that forms the "controlling legal authority establishing the term to mean the act of hiring only."
Because your fifth question contains so many qualifiers, the most effective way to address it is to set it out in full: *Page 9 
 If discussion of "employment" is not a valid reason for an executive session except for hiring purposes, which of the legislatively authorized reasons for conducting an executive session (employment, appointment, promotion, demotion, disciplining, or resignation) is the appropriate one to invoke in order to consider matters pertaining to the salary of a specific employee? (Assuming Opinions 87-80 and 77-144 remain valid.)
Depending on the specific facts, the topic of an individual employee's salary may appropriately arise in a legitimate executive session conducted under the personnel-matters exemption. For example, a change in an employee's salary may accompany the discipline of an employee. A change in salary might also accompany a promotion.[2] Also, discussion of starting salary could accompany a hiring decision. What seems clear, however, is that an executive session may not be held to discuss an individual's salary apart from one of the other valid purposes of a personnel-matters executive session. Therefore, your question is highly fact dependant, which prohibits me from issuing any definitive conclusion.
Your final question blurs the analytical distinction between open meetings and open records. The question asks whether the rationale supporting the employee-evaluation exemption (found at A.C.A. §25-19-105(c)(1)), which is an open records provision, can be applied to permit a meeting to be conducted in secret if the meeting discusses an employee's performance "if there is a possibility that the evaluation could result in a salary adjustment" or some other change in the employee's compensation. The question of whether a certain record must be disclosed under the FOIA requires a separate analysis from the open meeting question. See, e.g., Op. Att'y Gen. Nos. 2008-090, 93-002, 88-082; Watkins Peltz, supra, at 333-35. For example, the mere discussion of a document in an open meeting has no bearing on whether that document is a public record or whether the document is shielded by some exemption. See Op. Att'y Gen. 93-002. Thus, the rationale supporting the employee-evaluation exemption does not bear on whether a certain discussion in a meeting may be held in secret. As noted above, the mere fact that a meeting could possibly "result in a salary adjustment" is an insufficient basis to support an executive session. *Page 10 
As noted in response to your fifth question, the meeting may be held in executive session if it is for the purpose of considering one of the specific items listed in section 25-19-106(c)(1). Depending on the specific facts, a salary change for a particular employee might properly be discussed under one of those listed items, but the possibility of the salary change — by itself — is insufficient to support an executive session, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] The categories are: consideration of certain personnel issues (A.C.A. § 25-19-106(c)(1)); preparation and administration of state licensing examinations (A.C.A. § 25-19-106(c)(5)); discussion of matters pertaining to water system security (A.C.A. § 25-19-106(c)(6)); any other law that specifically exempts the meeting (see generally Watkins Peltz, supra, at 310-20).
[2] Consideration of a person's salary may be proper under another item in the list of personnel matters. For example, the question of whether consideration of a person's salary might be proper under the purpose labeled "promotion" or "demotion" is fact dependant. Just as some (but not all) promotions or demotions entail salary changes, some (but not all) salary changes accompany promotions or demotions.

 *Page 1