Jeff Sikes, Esq. Lonoke County Civil Attorney
2909 Woodsgate Drive Little Rock, Arkansas 72223
Dear Mr. Sikes,
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). You submit your request pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA. You indicate that you represent a custodian who has received a FOIA request for personnel records.
You indicate that the custodian has received a FOIA request that seeks two sets of documents. First, the requester seeks "copies of any correspondence to or from the Arkansas Public Employees Retirement System [APERS] related to the termination/retirement of [two public employees]. This should include . . . any questionnaires related to the terminations and any responses to the questionnaires and supporting material." Second the requestor seeks: "any records relating to a notice of retirement/resignation/termination or request to be removed from the county's payroll . . . [and] any records relating to a request to be restored to the county's payroll [by these two public employees]."
You indicate that the custodian has made four discrete determinations about the requested documents. First, she has located the documents that are responsive to the request. Second, she has determined that those documents are personnel records. Third, she has determined that those responsive documents "contain private information or [are documents] in which the employee holds a valid *Page 2 
privacy interest, pursuant to A.C.A. § 25-19-105(c)(3)(B)(i). Finally, she has refused to release the documents in light of those apparent privacy interests.
With all this in mind, you ask two questions:
 1. Whether this request poses an unwarranted invasion of personal privacy because it makes no showing of a valid public interest in disclosure of these personnel files.
 2. Whether this request poses an unwarranted invasion of personal privacy because it contravenes both the spirit and intent of A.C.A. § 24-4-1003 (Supp. 2009).
RESPONSE
I assume you ask both questions because both questions formed part of the custodian's decision to withhold the requested documents. Your first question is ambiguous. On the one hand, your question could mean that the custodian has found the request wanting because the request contains no recitation of the public's interest in the documents. On the other hand, your question could mean that the custodian has refused to release the documents because, having conducting the appropriate balancing test, the custodian determined that the employees' privacy interest still outweighed the preloaded side of the scale favoring disclosure. If the former is the custodian's basis for nondisclosure, then, for the reasons explained below, the decision is inconsistent with the FOIA, in my opinion. If the latter is the custodian's basis for nondisclosure, then I cannot opine for the reasons stated below. As for your second question, section 24-4-1003 is not a proper basis to justify nondisclosure in this situation, in my opinion.
DISCUSSION
I will begin by explaining the law relevant to both your questions and then treat your questions in the order posed. A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. The first and second elements appear met in this case as the custodian has so decided. *Page 3 
As for the third element, the FOIA provides two exemptions for items normally found in employees' files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
Because the custodian has determined that responsive documents are personnel records, I will limit my discussions to them. Not having seen any of the records in question, I cannot definitively opine about any specific record. I will simply assume the custodian has correctly characterized the records as personnel records.
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. 1999-147; John J. Watkins Richard J. Peltz, TheArkansas Freedom of Information Act, p. 179 (m m Press, 4th ed., 2004). If a document can be defined as a "personnel record," the document is open *Page 4 
to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure.
To aid in conducting the balancing test, the court inYoung elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255.
Because all FOIA exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. E.g., Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998); Op. Att'y Gen. 2009-077. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
Having set out the law relevant to each of your questions, we can now turn to specifically address each question in turn.
Question 1: Whether this request poses an unwarranted invasionof personal privacy because it makes no showing of a validpublic interest in disclosure of these personnel files. *Page 5 
I assume you are asking this question because the alleged failure to make a showing of a valid public interest is part of the custodian's basis for withholding the documents. Your question is ambiguous. On the one hand, your question could mean that the custodian has found the request wanting because the request contains no recitation of the public's interest in the documents. On the other hand, your question could mean that the custodian has refused to release the documents because, having conducting the appropriate balancing test, the custodian determined that the employees' privacy interest still outweighed the preloaded side of the scale favoring disclosure.
If you mean the latter, then I cannot opine on your question because I have not seen the documents in question and you have not apprised me of any of the alleged privacy interests that the custodian deems so weighty. If you mean the former, then in my opinion, this is probably not a valid reason to withhold the documents in this case for two reasons. First, there is no requirement in the FOIA that the requester recite the public interest in the requested documents. Second, as noted above, the required balancing test takes place with a thumb on the scale favoring disclosure. In other words, the side of the scale favoring disclosure comes preloaded before the weighing takes place, which means we presume there is a public interest in personnel records.
Question 2: Whether this request poses an unwarranted invasionof personal privacy because it contravenes both the spirit andintent of A.C.A. § 24-4-1003.
I assume you are asking this question because the custodian has based her decision to withhold the documents, at least in part, on "both the spirit and intent of A.C.A. § 24-4-1003." In my opinion, in this instance, section 24-4-1003 is not a proper basis to support nondisclosure.
Not having seen the specific records the custodian deems responsive to the request, I cannot opine about any specific documents. Nevertheless, in my opinion, section 24-4-1003 cannot justify withholding personnel records. Section 24-4-1003 exempts from disclosure a specific subset of public records. Because all FOIA exemptions are narrowly construed, [4] section 24-4-1003's exemption cannot *Page 6 
be extended to cover records not explicitly covered by its terms. The custodian, in my opinion, cannot refuse to disclose personnel records based on the "spirit and intent" of section 24-4-1003.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . (12) [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] All exemptions from disclosure are narrowly construed.E.g. Ragland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23 (1986);e.g., Op. Att'y Gen. 2009-077. The court in Ragland
explained why exemptions are narrowly construed:
 We conclude that the objectives of the FOIA are such that whenever the legislature fails to specify that any records in the public domain are to be excluded from inspection, or is less than clear in its intendments, then privacy must yield to openness and secrecy to the public's right to know the status of its own affairs. We hold, therefore, that the burden of confidentiality rests on the legislation itself, and if the intention is doubtful, openness is the result.
Ragland, 288 Ark. at 85-86, 702 S.W.2d at 25.