Ms. Loren Hitchcock Deputy Director Arkansas Game Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Ms. Hitchcock:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for an opinion on whether the decision of the Arkansas Game Fish Commission (hereinafter "Commission") not to release certain records in response to a request under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. § 25-19-101 — 109 (Repl. 2002 and Supp. 2007), is consistent with the provisions of that act. Specifically, the records in question were compiled by the records custodian in response to a request for "any notes, documents, e-mails, records, investigative reports, incident reports, letters of reprimand or other materials" regarding three specific items: a confiscated Remington Model 7 .308 caliber rifle; a Commission-owned winch; a Commission-owned trail camera. You have provided the assembled records, which pertain to allegations of misconduct by a particular employee;[1] and you have stated the following in explanation of the Commission's decision:
 Your office and your predecessors have advised on numerous occasions that employee evaluation or job performance records should be considered "exempt" under the FOIA and not released *Page 2 
unless each prong of [A.C.A. § 25-19-105(c)(1)] has been met. The two administrative investigations did not result in any suspension or termination of the particular employee in question. Accordingly, it is the Commission's determination that the particular employee evaluation or job performance records are not subject to disclosure under FOIA and should not be released under the circumstances.
RESPONSE
In my opinion, the Commission's decision not to release any of the responsive records is contrary to the FOIA.[2] Contrary to the Commission's decision, it is apparent that several of the records do not constitute "employee evaluation or job performance records" or otherwise fall within an exemption; and it is questionable whether the evaluation/job performance exemption applies to a number of the other records. However, because a conclusive determination depends upon the specific circumstances surrounding their creation, I cannot opine definitively as to each and every one of the records. The custodian must instead undertake the necessary factual review and properly classify each record following the principles discussed below. The proper classification of the records is critical because different tests apply to the release of "employee evaluation and job performance records," "personnel records," and records which are neither evaluation/ job performance records nor personnel records. As to those records that are properly determined to be evaluation or job performance records following such review, it appears that the criteria for release have not been met because no one was suspended or terminated. As to those records that are determined to be "personnel records," I will note that in my opinion, none of the records contains information the release of which would constitute a clearly unwarranted invasion of the employee's personal privacy. *Page 3 
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-105(5)(A) (Supp. 2007).
The records in question clearly are presumptively "public records" under this definition. As one of my predecessor noted: "I f records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 99-305. The relevant exemptions in this instance are the ones for "personnel records" and "employee evaluation or job performance records." Personnel records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). Employee evaluation or job performance records are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
Id. at (c)(1). *Page 4 
Employee evaluation or job performance records cannot be released unless each prong of this test has been met. With regard to the records in question, therefore, it appears that the criteria for release of any records constituting evaluation or job performance records have not been met because apparently no one who is the subject of any of the records was either suspended or terminated from employment. Suspension or termination from employment is a threshold requirement for the release of employee evaluation or job performance records. See Op. Att'y Gen. Nos. 2006-150, 2005-267, 2001-125, 97-189 and 97-154.
With regard to the classification of the records, the FOIA does not define the term "personnel records," but this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees or successful job applicants. See,e.g., Op. Att'y Gen. 2004-212. The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy" for purposes of subsection 25-19-105(b)(12). However, the Arkansas Supreme Court has construed the phrase and has applied a balancing test, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact to be decided by the custodian of records. See, e.g., Op. Att'y Gen. 2008-033 (and opinions cited therein).
Similarly, the FOIA does not define "employee evaluation or job performance records" under subsection 25-19-105(c)(1), nor has this phrase been construed by the Arkansas Supreme Court. The Attorney General's office has opined, however, that documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or termination, letters related to promotions and demotions, and records that were generated by or at the behest of the employer as part of an investigation of allegations of misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Op. Att'y Gen. Nos. 2006-035, 2003-078, 2001-203, 99-147, 93-105, 93-055, 92-231, and 91-324. *Page 5 
Thus, records prepared by a supervisor detailing an employee's conduct on the job, or prepared in the course of an internal investigation into an employee's conduct, are properly treated as "employee evaluation or job performance records." See, e.g., Op. Att'y Gen. 2007-278. As I stated in Op. Att'y Gen. 2007-025, "[m]y predecessors have consistently opined that records in an internal affairs file that have been "generated at the behest of an employer in the course of investigating a complaint against an employee constitute `employee evaluation/job performance records'" within the meaning of the FOIA. [Opinions omitted.]" The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (m m Press, 4th ed. 2004) at 196. The rationale behind the exemption supports extending the exemption to documents reflecting the disposition of a complaint. See, e.g., Op. Att'y Gen. 2008-010 (and opinions cited therein).
It has also been opined, however, that "[d]ocuments not created in the evaluation process do not come within the rationale behind the25-19-105(c)(1) exemption." Op. Att'y Gen. 2005-267, quoting Op. Att'y Gen. 2005-094. Accordingly, unsolicited citizen complaints, or unsolicited memoranda or "grievances" written by one employee and pertaining to the conduct of another employee, are not considered employee evaluation or job performance records, although they do qualify as "personnel records" subject to review under the standard discussed above. See, e.g., Op. Att'y Gen. Nos. 2008-064; 2007-206; 2006-158; 2002-110. Additionally, pre-existing, otherwise public records that have been included in an internal affairs file, but which were not generated as a result of the investigation, ordinarily do not constitute employee evaluation or job performance records. As stated by one of my predecessors: "The fact that a previously created record is later used in an internal investigation of an employee does not transform the record into an employee evaluation/job performance record." Op. Att'y Gen. 2005-032. I subsequently explained the basis for this differentiation as follows:
 At least one rationale for focusing on the circumstances surrounding the creation of records, as opposed to their later use, arises from the reasons underlying the exemption. . . .[T]he exemption for employee evaluation or job performance records:
 . . . reflects the public interest in maintaining an effective public employee evaluation system as well as *Page 6 
the privacy interests of employees. Without an exemption for such records, supervisory personnel who perform the evaluations may not be candid in assessing employee performance. Also, routine disclosure of the records could undermine one important objective of the evaluation process-identification of weaknesses with an eye toward fostering improvement — by revealing an employee's deficiencies before he has an opportunity to correct them.
 Watkins and Peltz, supra, at 196.
 It is difficult to conclude that the listed purposes of the exemption are fostered where the record was not initially created in the evaluation process, but was only later used for that purpose. For example, disclosure of records not created for the purposes of evaluating an employee would presumably not affect the candor of an evaluator. This consideration is reinforced by the principle that exemptions from disclosure in the FOIA are to be construed narrowly. See, e.g., Orsini v. State, 340 Ark. 665, 13 S.W.3d 665 (2000); Byrne v. Eagle, 319 Ark. 587, 892 S.W.2d 487 (1995); Ragland v. Yeargan, 288 Ark. 81, 702 S.W.2d 23 (1986); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).
Op. Att'y Gen. 2007-313 at n. 3.
Applying these principles, I believe it is apparent that several of the records the Commission proposes to withhold do not meet the definition of "employee evaluation or job performance records." I refer specifically to two store receipts reflecting the purchase of certain items. These records may constitute "personnel records," but in my opinion they may not be withheld on the basis of that exemption because they contain no information that would rise to the level of a "clearly unwarranted invasion of personal privacy" if disclosed.
I am somewhat uncertain regarding the proper classification of several of the other records at issue. It seems clear from their content that the records maintained in a file labeled "Copies of Personnel File" constitute exempt employee evaluation or job performance records under the above analysis respecting such records. However, *Page 7 
the matter is less clear regarding the balance of the records. In my opinion, the question of whether the remaining records qualify as "employee evaluation or job performance records" for purposes of exemption from disclosure is a question of fact dependent upon the circumstances surrounding their creation. If the records are not employee evaluation or job performance records, then I believe they are subject to disclosure as "personnel records," given that their release will in my opinion create no unwarranted invasion of privacy.[3]
Again, however, there is a threshold fact question regarding their proper classification.
I am not a fact-finder in the issuance of Attorney General opinions, and therefore cannot conclusively determine the matter. I have set out the applicable principles to guide the factual review, and I will reiterate that documents not created in the evaluation process do not come within the rationale of the provision governing employee evaluation or job performance records. See generally Op. Att'y Gen. Nos. 2007-255
(employee evaluation/job performance records exemption determined to be inapplicable, "given the fact that the documents plainly were not generated at the behest of, or pursuant to the actions of, a supervisor of the subjects of the records") and 2001-142 ("[r]ecords generated by third parties, and not at the behest of someone in a position to evaluate the employee, generally do not constitute job performance or evaluation records.")
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] You have also mentioned two previous FOIA requests and you have enclosed copies of correspondence apparently relating to those requests. Because the time has passed for seeking an opinion on the custodian's decision in that respect, see A.C.A. § 25-19-105(c)(3)(B)(i) (authorizing the custodian, requested, or subject of the records to "immediately seek an opinion for the Attorney General,") this opinion will necessarily be limited to the instant request noted above.
[2] It should be noted as a preliminary matter that I am authorized only to review the custodian's decision concerning the release of the records that the custodian has identified as responsive to the request. I am neither authorized nor situated to opine regarding the identification of personnel or job performance/evaluation records in response to a FOIA request. As one of my predecessors aptly observed: "[M]y duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) arises after the records have been located and is limited to reviewing the custodian's decision as to "whether the records are exempt from disclosure. A.C.A. § 25-19-105(c)(3)(A) . . . (emphasis added). . . . Identifying records responsive to the request is a task uniquely within [the custodian's] purview, both as a statutory matter and as a practical matter because it requires factual determinations that are outside the scope of an opinion from this office." Op. Att'y Gen. 2006-158.
[3] I recognize that one might contend that releasing the records could suggest wrongdoing, and consequently the documents are exempt under the "clearly unwarranted" test if it is determined that they are "personnel records" rather than employee evaluation or job performance records. One of my predecessors observed in similar circumstances, however, that this does not appear to be a proper consideration under A.C.A. § 25-19-105(b)(12). As stated in Op. Att'y Gen. 2005-272: "While such a concern might have factored into the legislature's adoption of the exception for evaluation records, [footnote omitted] in my opinion it does not bear on the personnel records exception." *Page 1