57 N.Y.2d 399 (1982)
In the Matter of John Short, Respondent-Appellant,
v.
Board of Managers of the Nassau County Medical Center, Appellant-Respondent.
Court of Appeals of the State of New York.
Argued October 14, 1982.
Decided November 18, 1982.
Peter J. Mastaglio for respondent-appellant.
Edward G. McCab, County Attorney (William S. Norden of counsel), for appellant-respondent.
Judges JASEN, GABRIELLI, FUCHSBERG and MEYER concur with Judge JONES; Chief Judge COOKE dissents in part and votes to modify in a separate opinion; Judge WACHTLER taking no part.
*401 JONES, J.
The statutory authority to delete identifying details as a means to remove records from what would otherwise be an exception to the disclosure mandated by the Freedom of Information Law extends only to records whose disclosure without deletion would constitute an unwarranted invasion of personal privacy, and does not extend to records excepted in consequence of specific exemption from disclosure by State or Federal statute. Disclosure of the 29 medical records sought by petitioner, as well as of the interagency memorandum, except as to statistical or factual tabulations or data, is denied.
Pursuant to the provisions of the Freedom of Information Law (Public Officers Law, art 6), petitioner requested the Nassau County Commissioner of Social Services to furnish him with copies of 29 medical records of the Nassau County Medical Center relating to claims for Medicaid reimbursement for abortions performed during the period February through April, 1972, and a copy of a memorandum dated July 19, 1972 from the medical center to a Deputy County Attorney with regard to the performance of medically related abortions at the medical center during 1972. This *402 request was forwarded to the medical center where it was denied. Petitioner thereupon instituted the present action pursuant to the provisions of the Freedom of Information Law to compel the medical center to furnish him with the records which he desired.
Supreme Court directed disclosure of the 29 medical records, but only after deletion of personal identifying details, the extent of such deletion to be determined by the medical center. Disclosure of the July 19, 1972 memorandum was denied. The medical center then appealed to the Appellate Division from so much of the judgment of Supreme Court as directed disclosure of the 29 medical records after deletion of all identifying details, and petitioner cross-appealed from so much of the judgment as denied disclosure of the July 19, 1972 memorandum. The Appellate Division affirmed the judgment of Supreme Court. On cross appeals to our court we now reverse that determination.
As to the 29 individual medical records there should be a reversal and denial of disclosure. Section 87 (subd 2, par [a]) of the Public Officers Law authorizes the agency to deny access to records that "are specifically exempted from disclosure by state or federal statute".[1] The medical center refers to various statutory and regulatory provisions which it contends bring the 29 medical records within this exception. *403 For present purposes it suffices to cite the following provisions:
"Every patient shall have the right to have privacy in treatment and in caring for personal needs, confidentiality in the treatment of personal and medical records, and security in storing personal possessions" (Public Health Law, § 2803-c, subd 3, par f).
"The commissioner shall adopt such regulations as may be necessary to give effect to the provisions of this section and to preserve the confidentiality of medical, social, personal or financial records of patients" (Public Health Law, § 2805-g, subd 3).
"Any inconsistent provision of this chapter or other law notwithstanding, all information received by public welfare and public health officials and service officers concerning applicants for and recipients of medical assistance may be disclosed or used only for purposes directly connected with the administration of medical assistance for needy persons" (Social Services Law, § 369, subd 3).
Neither petitioner nor the courts below have seriously contended that the medical records sought do not initially come within the exception of section 87 (subd 2, par [a]). It has been the position of both and continues to be the position of petitioner, however, that the records sought are removed from that exception when all personal identifying data have been deleted.[2] We cannot agree with this latter proposition.
*404 The Legislature in amending and recasting the Freedom of Information Law in 1977 (L 1977, ch 933) has prescribed eight categories of records as to which agencies may deny public access (section 87, subd 2, pars [a]-[h]). The statute is framed to empower the agency to deny access to the specified records. Nothing in the Freedom of Information Law, however, restricts the right of the agency if it so chooses to grant access to records within any of the statutory exceptions, with or without deletion of identifying details (cf. Chrysler Corp. v Brown, 441 US 281).
One of the eight categorial exceptions, the second, prescribed in paragraph (b), is records or portions thereof that "if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article". The exceptions to disclosure prescribed in the other paragraphs (a) and (c) to (h) are independent and may be invoked by agencies whether or not disclosure would constitute an unwarranted invasion of privacy; as to these, invasion of privacy is irrelevant. Phrased otherwise, the circumstance that it could be demonstrated in a particular instance that disclosure would involve no invasion of privacy would not serve to remove records from inclusion in any of these other seven categorial exceptions.
It is in subdivision 2 of section 89  which treats of the category of unwarranted invasions of personal privacy  that provision is made for "deletion of identifying details". This subdivision contains no reference to records excepted *405 from mandatory disclosure under any of the other seven categories, and there is no counterpart to this subdivision in which provision for deletion is made with respect to records sheltered from disclosure under any of the other seven categories.
It thus appears that the Legislature made provision for deletion as a means to "sanitize" records only within the single specified category. Under familiar canons of construction, the explicit authorization of the deletion device with respect to this one category of records imports a legislative intention to restrict the deletion device to that single category. Had it been intended to authorize deletions to subject records in any of the other seven categorial exceptions to public disclosure the verbiage to achieve that result was readily available.
If there were doubt as to the significance to be attached for present purposes to this statutory design, all doubt is removed when attention is focused on the language of section 89 (subd 2, par [a]) (the paragraph which makes provision for the use of deletion). That paragraph explicitly is made applicable to the deletion of identifying details or withholding "of records otherwise available" under the statute to prevent unwarranted invasions of personal privacy. Thus, provision is made for deletion from records that would be open to public disclosure but for the fact that their disclosure (without deletion) would constitute an unwarranted invasion of personal privacy. What is intended and accomplished by subdivision 2 of section 89 is provision of a means by which the single obstacle to disclosure  the invasion of personal privacy  may be overcome, i.e., by deleting identifying details. This concept and operating principle of selective deletion can have no application, however, to the 29 medical records sought by petitioner here. They are not "otherwise available" inasmuch as they are "specifically exempted from disclosure by state or federal statute" (§ 87, subd 2, par [a]) wholly without reference to invasion of privacy.
The 29 medical records sought by petitioner, even if identifying details were to be deleted, would not cease to be "medical records" protected under sections 2803-c and 2805-g of the Public Health Law or "information" sheltered *406 by section 369 of the Social Services Law; their classification would remain the same, bringing them squarely within the exception of section 87 (subd 2, par [a]) of the Public Officers Law. That an underlying purpose  that of preservation of individual confidentiality  may be served by deletion of identifying details is perhaps a predicate on which to ground an argument to the Legislature that the statute should be amended to extend the use of deletion to remove records from other categories of exception in addition to that for unwarranted invasion of personal privacy; it provides no basis, however, for judicial revision of the statute.[3]
With respect to the memorandum of July 19, 1972, petitioner on appeal to us acknowledges that it falls within the exception of "inter-agency or intra-agency materials" prescribed in section 87 (subd 2, par [a]) and now limits his request to "statistical or factual tabulations or data" to be found in the memorandum which would be subject to disclosure under clause i of paragraph (g). The case should be returned to Supreme Court with directions to that court to conduct an in camera inspection of the memorandum and its four attachments to determine whether there are any such statistical or factual tabulations or data, and if so to order disclosure thereof to petitioner.
For the reasons stated, the order of the Appellate Division should be reversed, without costs, the request for disclosure of the 29 medical records denied, and the case returned to Supreme Court for an in camera inspection of the memorandum dated July 19, 1972 and order of disclosure, if appropriate.
Chief Judge COOKE. (dissenting in part).
I respectfully dissent from that part of the majority decision which denies the request for disclosure of the 29 medical records, *407 and I vote to modify. The court has the discretionary power to order the patients' records disclosed with identifying information deleted. This would protect the privacy of the individuals while serving the purpose of the Freedom of Information Law: to encourage "the understanding and participation of the public in government", "to extend public accountability wherever and whenever feasible", and to forestall thwarting "[t]he people's right to know the process of governmental decision-making * * * by shrouding [the underlying documents and statistics] with the cloak of secrecy or confidentiality" (Public Officers Law, § 84). To deny such a power to the courts in this context is tantamount to granting to the agency an unlimited power to withhold records.
Order reversed, without costs, request for disclosure of 29 medical records denied, and matter remitted to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein.
NOTES
[1] Subdivision 2 of section 87 provides in full:

"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
"(a) are specifically exempted from disclosure by state or federal statute;
"(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article;
"(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations;
"(d) are trade secrets or are maintained for the regulation of commercial enterprise which if disclosed would cause substantial injury to the competitive position of the subject enterprise;
"(e) are compiled for law enforcement purposes and which, if disclosed, would:
"i. interfere with law enforcement investigations or judicial proceedings;
"ii. deprive a person of a right to a fair trial or impartial adjudication;
"iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or
"iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures;
"(f) if disclosed would endanger the life or safety of any person;
"(g) are inter-agency or intra-agency materials which are not:
"i. statistical or factual tabulations or data;
"ii. instructions to staff that affect the public; or
"iii. final agency policy or determinations; or
"(h) are examination questions or answers which are requested prior to the final administration of such questions."
[2] Subdivision 2 of section 89 provides:

"2. (a) The committee on public access to records may promulgate guidelines regarding deletion of identifying details or withholding of records otherwise available under this article to prevent unwarranted invasions of personal privacy. In the absence of such guidelines, an agency may delete identifying details when it makes records available.
"(b) An unwarranted invasion of personal privacy includes, but shall not be limited to:
"i. disclosure of employment, medical or credit histories or personal references of applicants for employment;
"ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility;
"iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes;
"iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it; or
"v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency.
"(c) Unless otherwise provided by this article, disclosure shall not be construed to constitute an unwarranted invasion of personal privacy pursuant to paragraphs (a) and
(b) of this subdivision:
"i. when identifying details are deleted;
"ii. when the person to whom a record pertains consents in writing to disclosure;
"iii. when upon presenting reasonable proof of identity, a person seeks access to records pertaining to him."
[3] Although it may reasonably be assumed that concern for protection of the privacy of individual patients was a major consideration behind the Legislature's enactment of sections 2803-c and 2805-g of the Public Health Law and section 369 of the Social Services Law prescribing confidentiality of medical records it would be unwarranted on the record before us to assume that this was the exclusive motive for the legislation. To the extent that the Legislature may have had other concurrent objectives, we cannot, of course, determine whether such objectives would be frustrated by disclosure, notwithstanding deletion of identifying details.