■ In the Matter of BUFFALO TEACHERS FEDERATION, INC., et al., Appellants, v BUFFALO BOARD OF EDUCATION et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to prohibit the Board of Education from providing a member of the Board with a list of the names,

home addresses, job titles, and salaries of all employees of the Buffalo Board of Education. Petitioners argued that members of the Board may have access to teachers' personnel files only if they comply with the procedures set forth in 8 NYCRR part 84. Respondent contended that the information sought is a public document and access to it would not require review of personnel records, which are confidential. Supreme Court held that the Board member was not seeking to review personnel records and, therefore, 8 NYCRR part 84 did not apply. The court further held that it was uncontradicted that the general public has access to these records and concluded that it would be anomalous to grant access to the list to the public, but deny it to a Board member.

We agree with the Supreme Court that the Board member was not seeking to review the personnel records of Board employees. Therefore, the procedures set forth in 8 NYCRR part 84 are not applicable. Petitioners further argue that, under the Freedom of Information Law (FOIL; Public Officers Law § 84 *et seq.*), the Board is not required to release the home addresses of employees and that, at the very least, the Board member should not be given access to the teachers' home addresses. We disagree. Although the Board of Education is not required to disclose the home addresses of its employees *(see,* Public Officers Law § 87 [3] [b]; Buffalo City Code § 353 [b] [2]; Public Officers Law § 89 [7]; *see also, Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund,* 61 NY2d 659), it may, should it choose, grant access to information which is exempt from disclosure under FOIL *(see, Matter of Capital Newspapers v Burns,* 67 NY2d 562, 567; *Matter of Short v Board of Managers,* 57 NY2d 399, 404). Since the Board has chosen to provide the public with access to this information, it should not be denied to one of its members. (Appeal from judgment of Supreme Court, Erie County, Doyle, J.—art 78.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.