■ In the Matter of JONATHAN RABINOWITZ, Respondent, v MARVA HAMMONS, Appellant. [644 NYS2d 726]

Petitioner, an academic researcher, commenced this proceeding to review respondent's denial of a FOIL request which sought disclosure, in redacted form, of approximately 1,900 intake referral forms maintained by the Visiting Psychiatric Service (VPS), a unit of respondent's Office of Health and Mental Health Services, in order to perform a statistical study of decision-making. The VPS provides psychiatric care and crisis intervention to clients, and employs the records at issue—including demographic information, biopsychosocial histories, and a comprehensive description of client problems—to evaluate patients and make psychiatric referrals. The records are maintained by psychiatric social workers and a registered nurse. Because the VPS views candid conversation with its clients as essential for effective diagnosis, it has always considered the privacy and confidentiality of its patients to be inviolate, and has treated the intake forms as confidential medical records. Consequently, respondent denied petitioner's FOIL request on the ground that various statutes, including Public Health Law § 18 (6) and Social Services Law § 136 (2), specifically exempt such medical records from disclosure. On review, the motion court rejected this argument, granted the petition, and ordered respondent to provide the requested records after redacting all personal and identifying information which they contained.

We reverse. Public Officers Law § 87 (2) (a) provides that an agency may deny access to records or portions of records that "are specifically exempted from disclosure by state or federal statute". The medical records sought by petitioner in this case

are exempted from disclosure by Public Health Law § 18, which permits disclosure of such records to third parties only where authorized by the medical client or otherwise required by law (subd [6]), and which permits a health care provider to deny even a "qualified person" access to medical information about identifiable patients in cases where the provider determines. that disclosure "can reasonably be expected to cause substantial and identifiable harm to the subject or others which would outweigh the qualified person's right of access to the information", or "the material requested is personal notes and observations" (subd [3] [d] [i], [ii]). Moreover, Social Services Law § 136 (1) bars disclosure by social service officials of information and communications relating to persons receiving "public assistance or care", except to the Commissioner of Social Services or his authorized representative. In our view, the medical evaluation provided to VPS clients by social service officials is a type of public care within the scope of that statute. Consequently, respondents properly declined to disclose these medical records, even in redacted form (Public Officers Law § 87 [2] [a]; *Matter of Short v Board of Mgrs.*, 57 NY2d 399).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.