*843 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.
All government records are presumptively open for public inspection unless specifically exempt from disclosure by State or Federal statute (Public Officers Law § 87 [2]). Here, Civil Rights Law § 50-b (1) provides a statutory exemption from disclosure for documents that tend to identify the victim of a sex offense. Civil Rights Law § 50-b (2) (a), which allows disclosure of such documents to a person charged with a sex offense, does not apply to petitioner as he stands convicted following trial (see, Matter of Fappiano v New York City Police Dept., 95 NY2d 738). Nevertheless, the police must meet their burden of making a particularized showing that the statutory exemption from disclosure pursuant to Civil Rights Law § 50-b applies to all the records petitioner seeks (see, id.; Gould v New York City Police Dept., 89 NY2d 267). Accordingly, we remit the matter to Supreme Court for a determination whether the police have met this burden.
Additionally, insofar as the requested records are exempt from disclosure pursuant to State statute (Public Officers Law § 87 [2]; Civil Rights Law § 50-b [1]), the police are not obligated to provide the records even though redaction might remove all details which “tend to identify the victim” (see, Civil Rights Law § 50-b [1]; see also, Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399).
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.