■ In the Matter of CHARLES DOYEN, Appellant, v JAMES W. McMAHON, as Superintendent of the New York State Police, Respondent. [760 NYS2d 693] —Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered February 13, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

The pertinent facts underlying this proceeding in which petitioner seeks disclosure of certain documents under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) can be found in a prior decision of this Court, as well as a decision of the Court of Appeals reversing us (271 AD2d 852 [2000], revd 95 NY2d 738 [2001]). Following the Court of Appeals' decision, the case was remitted to Supreme Court to permit respondent to make a particularized showing that each document requested by petitioner was exempt from disclosure under Civil Rights Law § 50-b.* Ultimately, Supreme Court found that respondent made such a showing with respect to those items in his possession and respondent could not be directed to produce any document not in his possession. Accordingly, the proceeding was dismissed. Petitioner appeals.

Upon our review of the record, particularly the documents submitted for this Court's in camera review, we agree with Supreme Court's conclusion that respondent established upon remittal that he either did not possess the requested documents (see Public Officers Law § 89 [3]) or that all withheld documents tend to identify the victim and were thus exempt from disclosure (see Public Officers Law § 87 [2] [a]; Civil Rights Law § 50-b [1]; see also Matter of Karlin v McMahon, 96 NY2d 842, 843 [2001]). The amended petition was therefore properly dismissed. Finally, as petitioner was provided with a redacted copy of an investigation report in response to his FOIL requests, the $15 fee charged by respondent did not exceed that authorized by statute (compare Public Officers Law § 87 [1] [b] [iii], with Public Officers Law § 66-a [2]).

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Upon remittal, Supreme Court permitted petitioner to amend the petition to include respondent's denial of a May 2000 FOIL request for additional documents. This latter request was denied on the ground that respondent was unable to locate most of the requested documents and that the one remaining document was exempt from disclosure under Civil Rights Law § 50-b.