13-3592-cv
Victory v. Pataki et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of February, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges.*[*]

_____

ALBERT LOPEZ VICTORY,

                  *Plaintiff-Appellant*,

             v.                                          13-3592-cv

GEORGE PATAKI, Former Governor of the State
of New York in his official capacity, BRION D. TRAVIS,
Ex-Chair, Board of Parole, New York State Division of
Parole, THOMAS P. GRANT, Special Assistant to the Chair
of the Board of Parole, MIKE HAYDEN, Acting Director of
the Division of Parole, RONALD P. WHITE, Director of
Upstate Field Operations for the Division of Parole, TERRANCE
X. TRACY, Chief Counsel to the Chair of the Board of Parole,
KENNETH E. GRABER, Commissioner of the Board of Parole,
GEORGE CHARD, Senior Parole Officer, Utica Parole Office,
DOUGLAS C. SMITH, Ex-Supervising Parole Officer, Utica
Parole Office, PERRITANO, "JOHN," First Name Unknown,
Parole Officer, Utica Parole Office, KEVIN MCCARTHY,

_____

[*]  The Honorable Richard C. Wesley of the United States Court of Appeals for the Second Circuit was originally assigned as a member of the panel, but recused himself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement.  *See* 2d Cir. Local Rules, Internal Operating Procedure E(b); *Murray v. Nat'l Broad. Co.*, 35 F.3d 45, 46 (2d Cir. 1994).

Head of the Special Services Bureau for the Division of
Parole, Central New York Area, THOMAS MURFITT,
Syracuse Police Officer, GILHOOLEY, "JOHN," first name
unknown, Syracuse Police Officer, TIMOTHY FOODY,
Ex-Police Chief, Syracuse Police Department,
John Does, 1, 2, 3, etc., Jane Does 1, 2, 3, etc.,
(whose identities are unknown but who are believed to be
either employees of the Division of Parole, the Governor's
Office, and/or the Syracuse Police Department); all such
individual defendants being sued both in their individual
and official capacity, THE CITY OF SYRACUSE, New
York, DENNIS DUVAL, Chief of Police of the Syracuse
Police Department, GEORGE ALEXANDER, Chair,
Board of Parole, in his official capacity, GOVERNOR
DAVID PATERSON, RORY D. GILHOOLEY, Syracuse
Police Officer, JOHN FALGE, Ex-Police Chief, Syracuse
Police Department, GARY MIGUEL, Police Chief, Syracuse
Police Department, ELIOT SPITZER, Governor of the State
of New York in his official capacity,

*Defendants-Appellees.*

_____

| | |
|---|---|
| Appearing for Appellant: | Myron Beldock, Beldock Levine & Hoffman LLP, New York, N.Y. *for* Albert Lopez Victory. |
| Appearing for Appellees: | Andrew B. Ayers, Assistant Solicitor General, Office of the Attorney General (Eric T. Schneiderman, Attorney General of the State of New York; Barbarda D. Underwood, Solicitor General; Nancy A. Speigel, Senior Assistant Solicitor General, *on the brief*), Albany, N.Y. *for* New York State Appellees. |
| | Shannon T. O'Connor, Assistant Corporation Counsel for the City of Syracuse, (Robert P. Stamey, Corporation Counsel for the City of Syracuse, *on the brief*), Syracuse, N.Y. *for* City of Syracuse Appellees. |

Appeal from the United States District Court for the Western District of New York
(Skretny, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.

Plaintiff-Appellant Albert Lopez Victory, a former inmate of the New York Department of Corrections and Community Supervision ("DOCCS"), appeals from the August 27, 2013

2

order of the United States District Court for the Western District of New York (Skretny, *C.J.*) granting summary judgment for defendants and dismissing his complaint in its entirety. *See Victory v. Pataki*, No. 02-cv-0031, 2013 WL 4539296 (W.D.N.Y. Aug. 27, 2013). On appeal, Victory challenges the dismissal of those claims brought pursuant to 42 U.S.C. § 1983 against various New York State officials and employees and the City of Syracuse and several of its police officers for violating and conspiring to violate Victory's equal protection and Fourth Amendment rights in connection with the rescission and revocation of his parole.[2] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

We review the district court's grant of summary judgment de novo. *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). In assessing the record to determine whether there is a genuine dispute as to any material fact, we resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

We conclude that the district court properly granted summary judgment to defendants on Victory's equal protection claim. To prevail on such a claim, Victory was required to show that: (1) he was treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations.  *See Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007). Although Victory asserts that the conditions of his parole supervision were more restrictive than those of other violent offenders, he concedes that this difference stemmed from his status as a "cop killer,"—i.e. one convicted of the murder (in his case the felony murder) of a police officer. That parole restrictions may vary according to the nature of an offender's crime requires no citation. *See, e.g.*, *United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005) (explaining that special conditions of federal supervised release must be reasonably related to, inter alia, "the nature and circumstances of the offense"). As this Court has previously held, the application of harsher parole policies to violent offenders does not violate the Equal Protection Clause of the Fourteenth Amendment because such differential treatment is rationally related to the legitimate state interest of protecting the public. *See Graziano v. Pataki*, 689 F.3d 110, 117 (2d Cir. 2012).

Victory's challenge to his parole supervision also fails under a "class-of-one" theory because he has presented no evidence that he was subjected to a more stringent level of supervision than other similarly situated parolees. "Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (alteration and internal quotation marks omitted). But, even on appeal, Victory does not contest that he cannot identify any similarly situated parolee.

---

[2] We initially disposed of this appeal in a summary order issued on April 17, 2015. *See Victory v. Pataki*, 609 F. App'x 680 (2d Cir. 2015). Because we conclude that publication is warranted with respect to one issue addressed in that decision, we withdraw our initial order and, in an accompanying opinion filed simultaneously herewith, we remand for further proceedings on Victory's due process claim arising out of his parole rescission.

The district court also properly dismissed Victory's claim that his Fourth Amendment rights were violated when certain Syracuse defendants allegedly placed a global positioning system ("GPS") device on his vehicle, without a warrant, during his parole supervision. Even assuming that Victory had raised a genuine dispute as to the placement of a GPS device on his vehicle, the defendants personally involved in that action would be entitled to qualified immunity.[3] Qualified immunity protects public officials from liability for civil damages when their actions "did not violate clearly established law, or . . . it was objectively reasonable for the defendant to believe that his action did not violate such law." *Russo v. City of Bridgeport*, 479 F.3d 196, 211 (2d Cir. 2007) (internal quotation marks omitted). In 2000, when the alleged conduct occurred, it was not "clearly established" that the warrantless placement of a GPS device on the vehicle of a parolee subject to electronic monitoring would violate the Fourth Amendment. *See United States v. Aguiar*, 737 F.3d 251, 261-62 (2d Cir. 2013) (holding police officers' warrantless placement of GPS on defendant's vehicle in 2009 fell within the good-faith exception to exclusionary rule because such conduct was "objectively reasonable" under *United States v. Knotts*, 460 U.S. 276 (1983)).

Victory asserts no other colorable challenge to his supervision during his parole release. Although he asserts that the Department of Parole violated New York regulations or its own policies, such conduct is not actionable under Section 1983. *See Graziano*, 689 F.3d at 116; *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985). Similarly, while Victory alleges a conspiracy between McCarthy and the Syracuse Defendants, he does not identify a federal or constitutional right that these individuals conspired to violate. *See Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Finally, the district court did not err in dismissing Victory's challenges to the proceedings resulting in his parole revocation. The district court rejected these claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which "specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *see Poventud v. City of New York*, 750 F.3d 121, 138 (2d Cir. 2014). Victory contends that *Heck* does not preclude his Section 1983 claims because: (1) habeas corpus relief is no longer available since he was long ago released from state custody, *see Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001), *certified question accepted*, 754 N.E.2d 194 (N.Y. 2001), *and certified question answered*, 760 N.E.2d 341 (N.Y. 2001); *Green v. Montgomery*, 219 F.3d 52, 60 n.3 (2d Cir. 2000); and (2) the favorable termination requirement is satisfied, at least with respect to the duration of his confinement, because, in a 2005 Article 78 proceeding, the Clinton County Supreme Court (Feldstein, *J.*), overturned his 60-month delinquent time assessment as "shocking[ly]" disproportionate, App'x at 1717, while upholding the revocation decision.

Even assuming that *Heck* does not bar Victory's revocation claims, dismissal was nonetheless proper. Victory has not alleged that he was denied any constitutional or federal right at his revocation proceedings. *See Patterson*, 761 F.2d at 891. Nor has he identified any

_____

[3] Moreover, Victory does not challenge on appeal the district court's dismissal of his claims against the City of Syracuse for failure to establish municipal liability pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 692 (1978).

4

individual, not protected by absolute immunity, who was personally involved in those proceedings. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) ("[P]arole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to . . . revoke parole."); *see also Walker v. Bates*, 23 F.3d 652, 658 (2d Cir. 1994) (explaining that absolute immunity often bars due process damages claims by individuals serving invalidated sentences). Accordingly, we affirm the dismissal of all claims arising out of the revocation of Victory's parole.

We have considered Victory's remaining arguments and find them to be without merit. We therefore affirm the district court's dismissal of Victory's equal protection claims and Fourth Amendment claims, as well as any claims arising out of the revocation of his parole.

For the reasons stated herein and in the accompanying opinion, we AFFIRM IN PART, VACATE IN PART, and REMAND for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5