■ In the Matter of XAO HE LU, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [39 NYS3d 761]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered June 23, 2015, denying the petition seeking to compel respondent to disclose records of interviews of one of the two victims of a crime pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondent met its burden to justify withholding the documents pursuant to a state statute (Public Officers Law § 87 [2] [a]), by affirming that both of the responsive documents located through a diligent search refer to the victim of a sex offense by name, thereby demonstrating that disclosure of the records would be prohibited by Civil Rights Law § 50-b (1) (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]). Respondent properly withheld these records in their entirety rather than disclosing redacted copies (*see Matter of Karlin v McMahon*, 96 NY2d 842, 843 [2001]). It is of no moment that petitioner's FOIL request focuses only on the male victim of the crimes committed against the two victims, and that the sex offense was committed only against the female victim. Concur—Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.