■ In the Matter of NEW YORK CIVIL LIBERTIES UNION, Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [50 NYS3d 365]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered April 21, 2015, adhering to orders, same court (Geoffrey D. Wright, J.), entered October 16, 2012, July 29, 2014, and October 2, 2014, which, insofar as appealed from as limited by the briefs, granted, to a limited extent, the petition brought pursuant to CPLR article 78 seeking to compel respondents to disclose certain records pursuant to the Freedom of Information Law (FOIL), unanimously reversed, on the law, the petition denied, and the proceeding dismissed, without costs.

Public Officers Law § 87 (2) (a) provides that an agency "may deny access to records" that "are specifically exempted from disclosure by state . . . statute." The NYPD disciplinary decisions sought here fall within Civil Rights Law § 50-a, which makes confidential police "personnel records used to evaluate performance toward continued employment or promotion" (*see*

*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145 [1999]; *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26 [1988]).

The fact that NYPD disciplinary trials are open to the public (38 RCNY 15-04 [g]) does not remove the resulting decisions from the protective cloak of Civil Rights Law § 50-a (*see Matter of Newsday, Inc. v Sise*, 71 NY2d 146, 153 [1987], *cert denied* 486 US 1056 [1988]). Whether the trials are public and whether the written disciplinary decisions arising therefrom are confidential are distinct questions governed by distinct statutes and regulations (*see Matter of Doe v City of Schenectady*, 84 AD3d 1455, 1459 [3d Dept 2011]). Further, the disciplinary decisions include the disposition of the charges against the officer as well as the punishment imposed, neither of which is disclosed at the public trial.

In *Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.* (57 NY2d 399, 401 [1982]), the Court of Appeals held that where, as here, there is a "specific exemption from disclosure by State . . . statute," an agency is not required to disclose records with identifying details redacted. The Court of Appeals subsequently reaffirmed this principle in *Matter of Karlin v McMahon* (96 NY2d 842, 843 [2001]), where the agency responding to a FOIL request invoked the statutory exemption for documents that tend to identify the victim of a sex offense (Civil Rights Law § 50-b [1]). The Court of Appeals, citing *Short*, held that the agency was not obligated to provide the records "even though redaction might remove all details which tend to identify the victim" (*Karlin*, 96 NY2d at 843 [internal quotation marks omitted]). In view of this controlling precedent, this Court cannot order respondents to disclose redacted versions of the disciplinary decisions.*

Petitioner's reliance on *Daily Gazette* in support of its request for redacted decisions is unavailing. In that case, the Court of Appeals concluded that Civil Rights Law § 50-a barred the disclosure of records regarding disciplinary action taken against 18 police officers. Although the Court made brief reference to the hypothetical possibility of redaction, it did so in dicta, and did not address whether ordering the redaction and disclosure of documents protected by section 50-a could be reconciled with the holding in *Short*. Further, despite having

---

* The question of whether respondents *may*, in their discretion, turn over redacted decisions, is not before us (*see e.g. Short*, 57 NY2d at 404 ["Nothing in the Freedom of Information Law . . . restricts the right of the agency if it so chooses to grant access to records within any of the statutory exceptions, with or without deletion of identifying details"]).

mentioned redaction, the Court in *Daily Gazette* dismissed the article 78 FOIL petitions in their entirety, and did not order disclosure of redacted records. There is no merit to petitioner's contention that the holding in *Short* was abrogated by *Daily Gazette*. As noted earlier, *Short* was reaffirmed by *Karlin*, which came down two years after *Daily Gazette*, and we have no choice but to follow *Short* and *Karlin*.

Respondents' previous disclosure of other redacted records did not waive their objections to redacting the disciplinary decisions at issue here (*see Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 449 [1983] ["estoppel may not be applied to preclude a . . . municipal agency from discharging its statutory responsibility"]; *Matter of Mazzone v New York State Dept. of Transp.*, 95 AD3d 1423, 1424-1425 [3d Dept 2012] [agency's right to claim FOIL exemption not waived where documents are inadvertently disclosed]).

Our decision in *Matter of New York Civ. Liberties Union v New York City Police Dept.* (74 AD3d 632 [1st Dept 2010]) does not require a different result because in that case, unlike here, the FOIL request was limited to one narrow category of statistical data. Because the only issue presented in this appeal is whether respondents are required to disclose the redacted written disciplinary decisions themselves, we make no determination as to whether any information contained in those decisions can, consistent with section 50-a, be disclosed in another format or by a different method.

We appreciate the various policy arguments made by petitioner and amici curiae, and agree that the public has a compelling interest in ensuring that respondents take effective steps to monitor and discipline police officers. Likewise, we recognize that the principles of confidentiality that underlie section 50-a may very well be protected by the redaction of identifying details from the disciplinary decisions sought here. However, as an intermediate appellate court, we cannot overrule the Court of Appeals' decisions in *Short* and *Karlin*, and are obligated to reverse based on this controlling precedent. The remedy requested by petitioner must come not from this Court, but from the legislature or the Court of Appeals. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.