Matter of Crowe v Guccione (2019 NY Slip Op 03044)





Matter of Crowe v Guccione


2019 NY Slip Op 03044


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-11315
 (Index No. 1542/16)

[*1]In the Matter of Patrick M. J. Crowe, respondent,
v
Tina L. Guccione, etc., appellant.


Thomas E. Humbach, County Attorney, New City, NY (Linda H. Grant of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the appeal is from a judgment of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered January 26, 2017. The judgment granted the petition to the extent of directing the production of all medical records that related to the petitioner or to any person who testified at his criminal trial and all medical records that were introduced into evidence at the trial.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.
The petitioner was convicted, after a jury trial in the County Court, Rockland County, of predatory sexual assault against a child (Penal Law § 130.96) and endangering the welfare of a child (Penal Law § 260.10[1]) (see People v Crowe, 167 AD3d 1036). While the appeal from his judgment of conviction was pending, the petitioner made a request, pursuant to the Freedom of Information Law (hereinafter FOIL), to the Rockland County District Attorney, seeking a complete copy of all medical records compiled by the District Attorney's office in connection with his case, including all medical examinations conducted on the victim and any mental health screenings and/or evaluations conducted by any treatment facility and any medical personnel. His request was denied by Tina L. Guccione, Supervising Assistant District Attorney, Appeals Records Access Officer.
The petitioner commenced this CPLR article 78 proceeding to compel the production of the documents. The petitioner alleged that the Rockland County District Attorney's Office was in possession of a medical report concerning the victim. The petitioner also alleged that the hospital records and medical records concerning the victim were in the District Attorney's possession, as evidenced by the District Attorney's voluntary disclosure form and response to a demand for particulars and demand to produce. The Supreme Court granted the petition "to the extent the records were of Petitioner or were records that were introduced into evidence at the trial or were records of anyone who testified at trial." Guccione appeals.
"All government records are presumptively open for public inspection unless specifically exempt from disclosure" (Matter of Karlin v McMahon, 96 NY2d 842, 843, citing Public Officers Law § 87[2]). Public Officers Law § 87(2)(a) provides that an agency may deny access to records that are specifically exempted from disclosure by state or federal statute (see Matter of New [*2]York Civ. Liberties Union v New York City Police Dept., 32 NY3d 556). Here, the medical records of the victim sought by the petitioner are exempted from disclosure by Public Health Law §§ 2803-c(3)(f) and 2805-g(3) (see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399, 405-406). Also, the medical records are exempt from disclosure pursuant to Civil Rights Law § 50-b, which, with exceptions not relevant here, prevents any public officer from disclosing documents that would identify the victim of a sex offense (see Matter of Karlin v McMahon, 96 NY2d at 843; Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 747-748; Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d at 405). Further, the records are exempt from disclosure pursuant to Public Officers Law § 87(2)(e)(i) (see Matter of Pittari v Pirro, 258 AD2d 202, 203; Matter of Whitley v New York County Dist. Attorney's Off., 101 AD3d 455). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.
Guccione's remaining contention is without merit.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court