Matter of Cordero v District Attorney of Erie County (2020 NY Slip Op 04078)





Matter of Cordero v District Attorney of Erie County


2020 NY Slip Op 04078


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


676 CA 18-01182

[*1]IN THE MATTER OF CIRITO CORDERO, PETITIONER-APPELLANT,
v
DISTRICT ATTORNEY OF ERIE COUNTY, RESPONDENT-RESPONDENT. 






CIRITO CORDERO, PETITIONER-APPELLANT PRO SE. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered January 22, 2018 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner was previously convicted upon a jury verdict of predatory sexual assault against a child (Penal Law
§ 130.96) and this Court affirmed (People v Cordero, 110 AD3d 1468 [4th Dept 2013], lv denied 22 NY3d 1137 [2014]). Petitioner thereafter made a request to respondent, pursuant to the Freedom of Information Law (Public Officers Law art 6), seeking a copy of two photographs of the victim and a copy of the victim's medical records held by respondent in connection with petitioner's jury trial. Respondent denied the request, and petitioner commenced this CPLR article 78 proceeding to compel production. Petitioner appeals from a judgment dismissing the petition, and we affirm.
"All government records are presumptively open for public inspection unless specifically exempt from disclosure" by state or federal statute (Matter of Karlin v McMahon, 96 NY2d 842, 843 [2001], rearg denied 98 NY2d 693 [2002], citing Public Officers Law § 87 [2]). Contrary to petitioner's contention, the requested materials are exempt from disclosure pursuant to Civil Rights Law § 50-b (1), which provides that "[n]o report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies . . . a victim [of a sex offense defined by Penal Law article 130] shall be made available for public inspection." This exemption applies regardless of petitioner's contention that he requires the material to support his application for postconviction relief (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 747-748 [2001]; Matter of Crowe v Guccione, 171 AD3d 1170, 1171-1172 [2d Dept 2019]). Contrary to petitioner's further contention, because the medical records are exempt from disclosure pursuant to state statute, respondent is "not obligated to provide the records [in redacted form] even though redaction might remove all details which tend to identify the victim' " (Karlin, 96 NY2d at 843, citing Civil Rights Law § 50-b [1]; see Matter of Xao He Lu v New York City Police Dept., 143 AD3d 616, 617 [1st Dept 2016]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court