Matter of Snyder v Village of Hempstead (2021 NY Slip Op 06360)





Matter of Snyder v Village of Hempstead


2021 NY Slip Op 06360


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-13742
 (Index No. 599/19)

[*1]In the Matter of Linda Snyder, etc., appellant,
v
Village of Hempstead, et al., respondents.


Cory H. Morris, Melville, NY, for appellant.
Harris Beach, PLLC, Uniondale, NY (William J. Garry, Sandy Milord, and John J. Anzalone of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered October 2 , 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 2019, upon the denial of the petitioner's request for records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner commenced this proceeding pursuant to CPLR article 78 against the respondents, Village of Hempstead, Hempstead Village Police Department, and Records Access Officer Lisa Cedillo, to compel their compliance with Public Officers Law § 89 and the production of the requested records. Following service of the respondents' answer, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Initially, the respondents failed to comply with the requirement of 21 NYCRR 1401.7(b) that the written denial of the petitioner's FOIL request "advis[e] the person denied access of his or her right to appeal to the person or body designated to determine appeals, and that person or body shall be identified by name, title, business address and business telephone number." Therefore, the respondents could not rely upon the petitioner's alleged failure to exhaust administrative remedies as a basis to deny the petition (see Matter of Barrett v Morgenthau, 74 NY2d 907, 909; Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805; Matter of Rivette v District Attorney of Rensselaer County, 272 AD2d 648, 649).
However, the respondents satisfied their burden of establishing that the requested records were exempt from disclosure (see Public Officers Law § 87[2][e][i]; Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 226-227; Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67). While "[a]ll government records are presumptively open for public inspection unless specifically exempt from disclosure" (Matter of Karlin v McMahon, 96 NY2d 842, 843; see Public Officers Law § 87[2]), the respondents submitted an affirmation of the Village Attorney [*2]demonstrating a valid basis for the denial of the petitioner's FOIL request and establishing that the records sought therein were exempt from disclosure pursuant to Public Officers Law § 87(2)(e)(i) (see Matter of Whitley v New York County Dist. Attorney's Off., 101 AD3d 455; Matter of Pittari v Pirro, 258 AD2d 202).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding on the merits.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court