Matter of Xao He Lu v Kings County Dist. Attorney (2023 NY Slip Op 03470)

Matter of Xao He Lu v Kings County Dist. Attorney

2023 NY Slip Op 03470

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-03767
 (Index No. 1568/20)

[*1]In the Matter of Xao He Lu, appellant,
v
Kings County District Attorney, respondent.

Xao He Lu, Napanoch, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated October 14, 2021. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 2020, upon the denial of the petitioner's request for certain records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner commenced this proceeding pursuant to CPLR article 78 against the respondent Kings County District Attorney to, inter alia, compel production of the records. In a judgment dated October 14, 2021, the Supreme Court, in effect, denied the petition and dismissed the proceeding, concluding that the respondent established that the records at issue were exempt from disclosure pursuant to both Public Officers Law § 87(2)(a) and Public Officers Law § 87(2)(e)(i). The petitioner appeals.
"All government records are presumptively open for public inspection unless specifically exempt from disclosure" (Matter of Crowe v Guccione, 171 AD3d 1170, 1171 [internal quotation marks omitted]; see Matter of Karlin v McMahon, 96 NY2d 842, 843). "Public Officers Law § 87(2)(a) provides that an agency may deny access to records that are specifically exempted from disclosure by state or federal statute" (Matter of Crowe v Guccione, 171 AD3d at 1171-1172). "Civil Rights Law § 50-b(1) provides a statutory exemption from disclosure for documents that tend to identify the victim of a sex offense" (Matter of Karlin v McMahon, 96 NY2d at 843). Therefore, with regard to the records requested by the petitioner relating to a female witness who was the victim of a sex offense, the respondent satisfied its burden of establishing that those records were exempt from disclosure pursuant to Public Officers Law § 87(2)(a) (see Matter of Crowe v Guccione, 171 AD3d at 1172).
Moreover, the respondent also satisfied its burden of establishing that all of the requested records were exempt from disclosure pursuant to Public Officers Law § 87(2)(e)(i), which provides that an agency may deny access to records that "are compiled for law enforcement purposes only to the extent that disclosure would interfere with law enforcement investigations or judicial [*2]proceedings" (Public Officers Law § 87(2)(e)(i); see Matter of Lesher v Hynes, 19 NY3d 57, 67-68; Matter of Snyder v Village of Hempstead, 199 AD3d 924, 925). Here, the respondent demonstrated a valid basis for denial of the petitioner's FOIL request, and established that the records sought were exempt from disclosure pursuant to Public Officers Law § 87(2)(e)(i), as the petitioner had made a particularized FOIL request, for which the respondent demonstrated the risk associated with disclosure of the requested records, in that such disclosure would interfere with the petitioner's co-defendant's pending habeas corpus proceeding (see Matter of Lesher v Hynes, 19 NY3d at 67).
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court