Matter of Lane v County of Nassau (2026 NY Slip Op 01514)

Matter of Lane v County of Nassau

2026 NY Slip Op 01514

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-06368
 (Index No. 606079/21)

[*1]In the Matter of Charles Lane, appellant,
vCounty of Nassau, et al., respondents.

Cody H. Morris, Melville, NY (Victor John Yannacone, Jr., of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents.
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees, the petitioner appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), dated August 26, 2021. The judgment (1) granted that branch of the petition which was for the production of certain records only to the extent of directing the production of the records subject to certain redactions, (2) denied that branch of the petition which was for an award of attorney's fees, and (3) denied the petition insofar as asserted against Christine McDonald and Patrick J. Ryder in their individual capacities.

DECISION & ORDER
By order to show cause dated October 18, 2023, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from so much of the judgment as denied an award of attorney's fees on the ground that this portion of the judgment has been superseded by an order of the same court dated February 17, 2022. By decision and order on motion of this Court dated December 11, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from so much of the judgment as denied that branch of the petition which was for an award of attorney's fees is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In December 2020, the petitioner submitted a request to the Nassau County Police Department (hereinafter the NCPD) pursuant to the Freedom of Information Law (FOIL) (Public [*2]Officers Law art 6) for access to the work calendar of Patrick J. Ryder, the Police Commissioner of the NCPD (hereinafter the Commissioner), for the months of September through November 2020. The NCPD denied the petitioner's request, and the denial was upheld on administrative appeal.
In May 2021, the petitioner commenced this proceeding pursuant to CPLR article 78 against the respondents, County of Nassau, the NCPD, the Commissioner, and Christine McDonald, the Records Access Officer of the NCPD, to compel the production of the requested records and for an award of attorney's fees pursuant to New York Public Officers Law § 89. In a judgment dated August 27, 2021, the Supreme Court, inter alia, granted that branch of the petition which was for the production of the requested records only to the extent of directing the production of the records subject to redactions for "items that are covered by the Law Enforcement exception" under Public Officers Law § 87(2)(e). In addition, the court denied that branch of the petition which was for an award of attorney's fees and denied the petition insofar as asserted against McDonald and the Commissioner in their individual capacities. The petitioner appeals.
Subsequently, in an order dated December 13, 2021, the Supreme Court, among other things, in effect, upon reargument, vacated so much of the judgment as denied that branch of the petition which was for an award of attorney's fees, and thereupon granted that branch of the petition with a directive to the petitioner to produce proof of his reasonable attorney's fees. Thereafter, the petitioner moved for an award of attorney's fees, and in an order dated February 17, 2022, the court granted that motion to the extent of awarding the petitioner the sum of $17,292.50. The order dated February 17, 2022, is the subject of a related appeal (see Matter of Lane v County of Nassau, ___ AD3d ___ [Appellate Division Docket No. 2022-08544; decided herewith]).
Since the portion of the judgment denying that branch of the petition which was for an award of attorney's fees was superseded by the order dated February 17, 2022, we dismiss the appeal from that portion of the judgment (see Federal Natl. Mtge. Assn. v Sajdak, 192 AD3d 763, 764; Matter of Cornwall Commons, LLC v Town of Cornwall, 163 AD3d 810, 811).
"'To promote open government and public accountability, . . . FOIL imposes a broad duty on government to make its records available to the public'" (Matter of Newsday, LLC v Manhasset Union Free Sch. Dist., 232 AD3d 678, 680, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). "Unless otherwise specifically exempted, all such records are presumptively open to public inspection and copying" (Matter of Newsday, LLC v Manhasset Union Free Sch. Dist., 232 AD3d at 680; see Public Officers Law § 87[2]; Matter of Gould v New York City Police Dept., 89 NY2d at 274-275). "[T]he agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566; see Public Officers Law § 89[4][b]).
Pursuant to Public Officers Law § 87(2)(e)(i), an agency "may deny access to records or portions thereof" where the requested records were "compiled for law enforcement purposes" and, if disclosed, "would . . . interfere with law enforcement investigations or judicial proceedings." "[A]n agency seeking to invoke the exemption contained in Public Officers Law § 87(2)(e)(i) 'must still fulfill its burden under Public Officers Law § 89(4)(b) to articulate a factual basis for the exemption,' but . . . the agency need only 'identify the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents'" (Matter of Sarkodie v Kings County Dist. Attorney, 226 AD3d 12, 16, quoting Matter of Lesher v Hynes, 19 NY3d 57, 67).
Here, the Supreme Court properly determined that the respondents demonstrated a valid basis for redaction of the requested records pursuant to Public Officers Law § 87(2)(e)(i) by submitting an affidavit of Christopher Todd, the Deputy Bureau Chief of the NCPD's Legal Bureau (see Matter of Xao He Lu v Kings County Dist. Attorney, 217 AD3d 959, 960; Matter of Snyder v Village of Hempstead, 199 AD3d 924, 925). Todd averred, inter alia, that the Commissioner was "involved in strategic aspects of law enforcement," including "intelligence gathering," [*3]"implementing covert and/or cooperative enforcement operations," and "tactical deployment of personnel and resources," and that disclosure of the existence of meetings and the attendees of meetings on the Commissioner's calendar "would reveal the specific law enforcement agencies and/or task forces with whom the Department is collaborating" on law enforcement investigations. Accordingly, under the circumstances of this case, the court properly granted that branch of the petition which was for the production of the requested records only to the extent of directing the production of the records subject to redactions.
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court